In the Matter of the Supervised ESTATE OF Lelia MOORE, Deceased.

Janice Lincoln, Appellant,

v.

Estate of Ruby Smiley, Appellee.

No. 10A05–9903–CV–115.

Court of Appeals of Indiana.

June 29, 1999.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Lelia Moore devised a life estate in her home to her sister, Ruby Smiley, with the remainder in fee simple to her great-niece, Janice Lincoln. After Moore's death the property was sold, and the court entered an Agreed Order incorporating an agreement between the life tenant and the remainderman to divide the "net estate" between them. When Ruby died unexpectedly during administration, Janice moved to set aside the order pursuant to Indiana Trial Rule 60(B). The trial court denied Janice's motion. On appeal, Janice contends that she was entitled to have the order set aside because (1) she had not received her distribution within a reasonable time after entry of the order; (2) the life estate no longer existed; and (3) there was no compelling reason to enforce the agreement.

We affirm.

### FACTS

Lelia Moore died testate on October 22, 1994. She devised a life estate in her Clark County home to Ruby, with the remainder to Janice. Moore also named Ruby as the personal representative of her estate. Ruby had difficulty repairing and leasing Moore's former home, and the court granted her petition to sell the real estate at public auction. The property was sold on June 1, 1998, after which Ruby asked the trial court to determine the parties' respective rights to the net sale proceeds. The court decided that the money should be held in trust for Ruby, who would receive investment income during her life. Upon Ruby's death, Janice would receive the principal.

Thereafter, in an Agreed Order entered on September 3, 1998, the court adopted a compromise agreement between Ruby and Janice whereby Ruby would receive fifteen percent (15%) of Moore's "net estate," and Janice apparently would receive the balance.[1] Ruby

Bruce A. Brightwell, Louisville, Kentucky, Attorney for Appellant.

Ted W. Spiegel, Sellersburg, Indiana, Attorney for Appellee.

---

1. Janice claims that, under the Agreed Order, Ruby was to receive "15% of the value of the life estate, and Janice was to receive the remainder." The order states that Ruby's share is fifteen per-

died twenty-three days later, before the estate was distributed. In an attempt to secure the entire net proceeds from the sale of the home, on October 16, 1998, Janice filed her Trial Rule 60(B) Motion to Set Aside the Agreed Order. The trial court summarily denied Janice's motion, and she now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■■■■ "On motion and upon such terms as are just," the trial court may relieve a party from an entry of a final order for reasons other than mistake, surprise, neglect, fraud, default without notice or grounds that could be rectified with a motion to correct error. Ind. Trial Rule 60(B)(8); *Levin v. Levin*, 645 N.E.2d 601, 604 (Ind.1994).[2] This "catchall" provision is reserved for those cases in which "extraordinary circumstances justify extraordinary relief." *McIntyre v. Baker*, 703 N.E.2d 172, 175 (Ind.Ct.App.1998). The grant or denial of a motion for relief from judgment lies within the equitable discretion of the trial court. *Mercantile Nat'l Bank v. Teamsters Union Local #142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind.Ct.App. 1996). Generally, our review of the denial of a Trial Rule 60(B) motion is limited to whether the trial court abused its discretion. *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 460 (Ind.Ct.App.1993). An abuse of discretion occurs where the court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Weppler v. Stansbury*, 694 N.E.2d 1173, 1176 (Ind.Ct.App.1998).

### Agreed Order

■■■■ Janice contends that she is entitled to have the Agreed Order set aside for three reasons. First, she maintains that she should be permitted to rescind the agreement because it was not performed within a reasonable time. The Agreed Order is silent concerning the time for payment. Where time for performance is not specified, a reasonable time is usually read into the contract. *Indiana Farmers Mut. Ins. Co. v. Walters*, 221 Ind. 642, 648, 50 N.E.2d 868, 870 (1943). What is a reasonable time under the circumstances is a question of fact. *Hamlin v. Steward*, 622 N.E.2d 535, 540 (Ind.Ct.App. 1993).

In this supervised administration, the dollar value of Moore's "net estate" could not be determined until estate administration was nearly complete. The record does not disclose the status of Moore's estate when the Agreed Order was entered on September 3, 1998. Ruby died twenty-three days later, on September 26, 1998, which required that a successor personal representative be appointed. *See* IND.CODE § 29-1-10-7. Janice filed her Rule 60(B) motion soon thereafter, on October 16, 1998. In her brief, she reports that the trial court approved the distribution of estate funds on December 23, 1998. Thus, Janice received her share of the estate approximately three months after Ruby's death and less than four months after entry of the Agreed Order. Under these circumstances, we cannot say that the distribution was delayed for an unreasonable period of time.

■■■■ Next, Janice asserts that the order should be set aside because the life estate ceased to exist at Ruby's death, and "there was nothing left for the Agreed Order to dispose of." Janice further insists that "the unique circumstances of this case present a situation where the very subject of the agreement, the value of the life estate, ceased to exist before any payment was made." It is true that a life estate typically terminates upon the death of the person on whose life the estate is limited. *Collins v.*

cent (15%) of Moore's "net estate" after "payment of all expenses, taxes, and costs including the reimbursement to RUBY SMILEY of the expenses of the Estate that she has previously paid that did not arise out of her life estate." While there is no mention of Janice's share in the order, the parties agree that her share is eighty-five (85%) percent. The "net estate" as used in the order includes the proceeds from the sale of Ruby's home. Resolution of this case does not turn on the actual value of Janice's interest in Moore's estate.

2. Janice does not designate the Trial Rule 60(B) subdivision on which she relies. Ruby's estate suggests that Janice's claim falls under 60(B)(8) and, in her reply brief, Janice does not challenge that conclusion. Thus, we review Janice's claims from that perspective.

*Held,* 174 Ind.App. 584, 594, 369 N.E.2d 641, 647 (1977). In this case, however, Ruby's life estate was extinguished when she and Janice sold the property. Ruby and Janice then each held an interest in the sale proceeds, the extent of which was determined by their agreement. Although the money had not been distributed when Janice filed her Trial Rule 60(B) motion, the parties had agreed to the essential terms of their contract. *See Wolvos v. Meyer,* 668 N.E.2d 671, 676 (Ind. 1996) (only essential terms need be included in order to render contract enforceable). Accordingly, Ruby's right to her share of the proceeds was not extinguished upon her death.

 Finally, Janice asserts that the Agreed Order should be set aside because, after Ruby's death, there was no longer a compelling reason to enforce the agreement, the purpose of which had been to provide for Ruby's needs. The Agreed Order is both contractual, in that it is an agreement between the parties, and an entry of judgment by the court. *See Ingoglia v. Fogelson Companies, Inc.,* 530 N.E.2d 1190, 1199 (Ind.Ct. App.1988). As this court recognized some time ago:

> "It is a general rule that an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding."

*Scaros v. Chacker,* 115 Ind.App. 67, 68, 56 N.E.2d 505, 505 (1944) (quoting 139 A.L.R. 422, and authorities cited therein).

Here, Janice does not assert fraud, mutual mistake or absence of consent, and neither Ruby nor her representative assented to modification of the agreement. Consequently, the trial court could not modify or change the judgment in any essential or material manner. *See Mitchell v. Stevenson,* 677 N.E.2d 551, 565 (Ind.Ct.App.1997), *trans. denied.* Janice and Ruby agreed that Janice would receive a percentage of the net estate immediately rather than the entire principal from the sale of Moore's home when Ruby died. Due to Ruby's untimely death, Janice may now regret the bargain she made. Nevertheless, she is bound by her agreement. Because Janice has presented no extraordinary circumstances justifying relief under Indiana Trial Rule 60(B)(8), we conclude that the trial court did not abuse its discretion when it denied her petition to set aside the Agreed Order.

Affirmed.

GARRARD, J., and KIRSCH, J., concur.