**FORT WAYNE LODGE, LLC, Appellant–Defendant,**

v.

**EBH CORPORATION and Edward A. White, Appellees–Plaintiffs.**

**No. 02A05–0305–CV–241.**

Court of Appeals of Indiana.

April 6, 2004.

---

Samuel W. Jarjour, Fort Wayne, IN, Attorney for Appellant.

James D. Streit, Fort Wayne, IN, Attorney for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Fort Wayne Lodge, LLC (Fort Wayne), appeals the trial court's order granting Appellees–Plaintiffs', EBH Corporation and Edward A. White (White) (collectively EBH), Motion for Summary Judgment.

We affirm.

### ISSUES

Fort Wayne raises five issues on appeal, which we restate as follows:

1. Whether the trial court erred when it, without a Motion to Strike, *sua sponte,* determined that it would not consider material filed in opposition to EBH's Motion for Summary Judgment;

2. Whether the trial court abused its discretion by failing to set aside the Motion for Summary Judgment upon a showing of excusable neglect;

3. Whether the trial court erroneously considered EBH's untimely attorney fee evidence, despite a timely motion to strike;

4. Whether EBH made a *prima facie* showing that they were entitled to summary judgment as a matter of law; and

5. Whether Indiana law permits the award of attorney fees in actions to enforce Indemnity Agreements.

*FACTS AND PROCEDURAL HISTORY*

On May 29, 1998, EBH sold to Fort Wayne substantially all of the assets of the business formerly known as the Fort Wayne Airport Holiday Inn (the Hotel), located at 3939 Ferguson Road, Fort Wayne, Indiana. The terms of the purchase and sale were set forth in a certain Real Estate Purchase Agreement (the Purchase Agreement), dated December 8, 1997. The Purchase Agreement provided, among other things, that EBH would sell and assign, and Fort Wayne would accept and assume, all of EBH's rights and obligations under certain equipment leases relating to the operation of the Hotel, many of which were personally guaranteed by White, EBH's sole shareholder.

At the closing of the purchase of the Hotel, Fort Wayne and EBH also entered into a certain Assignment and Assumption Agreement (the "Assumption Agreement"), dated May 29, 1998, pursuant to which EBH sold and assigned to Fort Wayne, and Fort Wayne accepted and assumed, all of EBH's liabilities and obligations under every contract, lease, and service contract pertaining to the operation of the Hotel. The Assumption Agreement included, as an exhibit, a list of the leases covered by the agreement and provided that Fort Wayne would indemnify and hold EBH and White harmless from and against any and all liability, damage, costs, or expenses arising out of such leases.

Included among the leases covered by the Assumption Agreement and set forth on the attached exhibit was a certain lease, the Liberty Lease, with the Liberty Leasing Company (Liberty), which involved heat pumps installed at the Hotel. The Liberty Lease was entered into between EBH and Liberty's predecessor, Triumphe Leasing Network, Inc., on September 7, 1995, and was personally guaranteed by White. After closing, Fort Wayne failed to make the payments under a number of the leases, including the Liberty Lease. As a result, on September 30, 1998, Liberty commenced an action (the Arizona Litigation) against EBH and White for breach of the lease in the Maricopa County, Arizona Superior Court, which is the county of White's residence.

Thereafter, EBH notified Fort Wayne that it had been sued by Liberty for breach of the Liberty Lease and that, in accordance with the terms of the Assumption Agreement, it would look to Fort Wayne for indemnification for all damages sustained and all costs and expenses incurred in connection with such lawsuit. Following the commencement of the suit, Liberty negotiated extensively with Fort Wayne regarding the rental obligation under the lease and, on or about June 1, 1999, Liberty and Fort Wayne entered into a settlement agreement pursuant to which Fort Wayne paid to Liberty the sum of $32,000 for the purchase of the heat pumps and the satisfaction of the rental

obligation under the lease for the period of June 1, 1998, through May 31, 1999.

Following the settlement with Fort Wayne, Liberty pursued its remedies against EBH and White in the Arizona Litigation for the remaining balance due under the Liberty Lease, which Liberty contended was in excess of $45,000. On or about December 13, 1999, EBH, White and Liberty entered into a settlement agreement pursuant to which a Stipulated Judgment in favor of Liberty and against EBH and White in the sum of $38,500 was entered in the Arizona Litigation.

Thereafter, on January 3, 2000, EBH filed a Complaint in the Allen County Superior Court, alleging breach of contract against Fort Wayne. In its Complaint, EBH attempted to recover the $38,500 amount it paid in settlement with Liberty, attorney fees for defending the Liberty action, attorney fees for prosecuting the instant action, and prejudgment interest. On January 24, 2000, Fort Wayne filed its Answer, Affirmative Defenses, and Counterclaim.

On September 18, 2000, EBH served on Fort Wayne discovery requests consisting of Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for Production of Documents. On January 26, 2001, EBH filed a Motion to Compel Responses to Plaintiffs' Discovery Requests, due to Fort Wayne's failure to serve timely responses to EBH's discovery requests. On February 21, 2001, a hearing on EBH's motion to compel was held. At the hearing, the trial court granted EBH's motion and ordered Fort Wayne to provide its discovery responses not later than February 26, 2001. On February 26, 2001, Fort Wayne's then current attorney faxed to EBH their Defendant's Answers to Plaintiffs' Interrogatories which were not signed and which contained incomplete and inadequate responses to certain interrogatories.

As a result, on May 22, 2001, EBH filed a second Motion to Compel Responses to Plaintiffs' Discovery Requests, due to Fort Wayne's failure to comply with the trial court's order of February 21, 2001. On June 19, 2001, Fort Wayne's original attorney in this case, T. Dean Swihart (Attorney Swihart), filed a Motion to Withdraw Appearance as counsel for Fort Wayne on the ground that Fort Wayne had ceased to communicate with him, thereby preventing him from providing effective legal representation under the circumstances. Upon withdrawing as counsel, Attorney Swihart advised Fort Wayne's corporate counsel of their responsibilities of notifying the clerk of the court with the name, address, and telephone number of a person to receive notices concerning the case as required by Local Rule 3. Nonetheless, Fort Wayne failed to give the clerk of the court such information. As a result, all pleadings and orders served on Fort Wayne subsequent to Attorney Swihart's withdrawal on June 19, 2001, and entry of appearance by Fort Wayne's current attorney on May 28, 2002, were directed to Fort Wayne's statutory agent for service of process, CT Corporation.

On June 26, 2001, a hearing on EBH's second motion to compel was held. At the hearing, the trial court ordered Fort Wayne to serve proper discovery responses on EBH on or before July 26, 2001, or face a dismissal with prejudice of its counterclaim against EBH. Fort Wayne again failed to provide EBH with discovery responses within the time specified by the trial court. Accordingly, on July 31, 2001, EBH filed a Motion to Dismiss Fort Wayne's Counterclaim. On August 29, 2001, the trial court granted EBH's Motion to Dismiss Fort Wayne's Counterclaim.

On April 4, 2002, EBH filed its Motion for Summary Judgment along with supporting materials and a hearing was set for May 31, 2002. On May 28, 2002, Fort Wayne appeared by new counsel who filed a Motion to Continue Hearing on Summary Judgment and to Extend the Deadlines in Which to Respond to Plaintiff's Motion for Summary Judgment. On May 31, 2002, a hearing on EBH's Motion for Summary Judgment was held. At the hearing, Fort Wayne, filed the following documents: 1) Affidavit of Jamal Garmo, 2) Affidavit of Samuel Jarjour, 3) Defendant's Reply to Plaintiff's Motion for Summary Judgment, and 4) Designation of Material Issues of Fact and Evidence Relevant Thereto. At the conclusion of the hearing, the trial court held the following:

Comes now [EBH], by counsel, James D. Streit. Comes now Fort Wayne [ ], LLC, by counsel, Samuel W. Jarjour. [Fort Wayne] request[s] a continuance of the Motion for Summary Judgment. The [c]ourt notes that there was no request for extension of time to file summary judgment response filed by [Fort Wayne] within the time period required by law. The [c]ourt notes that the June 15, 2001 letter from [Attorney] Swihart informs [Fort Wayne's] corporate counsel of the necessity of appearing and defending the case against the prospect of judgment. The [c]ourt has no discretion to extend the time period to respond inasmuch as [Fort Wayne] failed to request such extension of time within thirty (30) days of receipt of the Motion for Summary Judgment.

Therefore, the [c]ourt may only consider the motion and evidence designated by [EBH] in this cause of action. The [c]ourt request[s] that counsel for [EBH] prepare a proposed order on this matter. Counsel for [EBH] also informs the [c]ourt that he intends to ask for attorney fees, has submitted a brief on same, and will file an Affidavit for Attorney Fees. The [c]ourt request[s] that counsel for [EBH] file same and share same with opposing counsel. The [c]ourt now gives opposing counsel fourteen (14) days from the receipt of same in which to respond to the [c]ourt.

(Appellant's App. p. 121). Thereafter, EBH filed its proposed Order and Affidavit of Attorney Fees.

On June 19, 2002, Fort Wayne filed its Motion to Strike the Affidavit of Attorney Fees and Defendant's Response to Plaintiffs' Proposed Order. On June 25, 2002, EBH filed its Plaintiffs' Response to Defendant's Motion to Strike Affidavit. On that same date, EBH also filed its Motion to Strike the Affidavit of Jamal Garmo, Affidavit of Samuel Jarjour, Defendant's Reply to Plaintiffs' Motion for Summary Judgment, and Designation of Material Issues of Fact and Evidence Relevant Thereto by Defendant.

On October 7, 2002, the trial court issued its Order or Judgment of the Court. In its written order, the trial court held:

The [c]ourt, pursuant to its Order of May 31, 2002, asked the parties to brief the issue of whether attorney fees might be granted in this case on [EBH's] Motion for Summary Judgment. In the meantime, the [c]ourt has reviewed [EBH's] Motion for Summary Judgment and GRANTS [EBH's] Motion for Summary Judgment. The [c]ourt notes that [Fort Wayne's] Response to Plaintiffs' Motion for Summary Judgment was untimely filed. The [c]ourt has reviewed the brief filed by [EBH] regarding his ability or right to obtain attorney fees in this cause of action. The [c]ourt notes that attorney fees are not directly addressed in the Assumption Agreement but the Assumption Agreement does refer to "any and all liability, damage,

costs, or expenses resulting from or in any way arising out of" the assumed leases. [EBH] cites case law which the Court of Appeals has determined that such language is sufficient for the granting of attorney fees.

WHEREFORE, the [c]ourt now GRANTS [EBH's] Motion for Summary Judgment and enters judgment for [EBH] and against [Fort Wayne] in the sum of Thirty–Eight Thousand, Five Hundred Dollars ($38,500), together with interest at the rate of eight percent (8%) per annum from December 13, 1999 to and including the date of judgment in the sum of Eight Thousand, Six Hundred and Forty–Eight Dollars and Ninety–Five Cents ($8,648.95), calculated as of October 7, 2002. Costs in the sum of One Hundred Dollars ($100.00), and attorney fees in the sum of Nineteen Thousand, Five Hundred and Fifty–Five Dollars ($19,555.00) for a total judgment in the sum of Sixty–Six Thousand, Eight Hundred and Three Dollars and Ninety–Five Cents ($66,803.95).

(Appellant's App. p. 142). On November 6, 2002, Fort Wayne filed its Motion to Correct Errors, and the trial court set the matter for hearing on December 2, 2002. On November 25, 2002, EBH filed its Memorandum in Opposition to Defendant's Motion to Correct Errors and Affidavit of James Streit.

On December 2, 2002, the trial court rescheduled the hearing for December 12, 2002, due to unsatisfactory service to EBH. On December 12, 2002, the hearing on Fort Wayne's Motion to Correct Errors was held. During that hearing, Fort Wayne filed its Motion to Strike the Affidavit of James Streit and the Argument portion of the Memorandum. On February 19, 2003, the trial court entered its written order denying Fort Wayne's Motion to Correct Errors.

Fort Wayne now appeals. Additional facts will be supplied as necessary.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a decision upon a summary judgment motion, we apply the same standard as the trial court. *Miller v. NBD Bank, N.A.,* 701 N.E.2d 282, 285 (Ind.Ct.App.1998). We do not reweigh the evidence designated by the parties. *See id.* Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Schoknecht v. Hasemeier,* 735 N.E.2d 299, 301 (Ind.Ct.App. 2000).

The moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* Once this burden has been met, the non-moving party must respond by setting forth specific facts demonstrating a genuine need for trial, and cannot rest upon the allegations or denials in the pleadings. *Id.* We review only the designated evidentiary material in the record, construing that evidence liberally in favor of the non-moving party, so as not to deny that party its day in court. *Id.*

### II. Trial Court's Sua Sponte Ruling

First, Fort Wayne argues that the trial court abused its discretion in determining that it would not consider Fort Wayne's Response to Plaintiffs' Motion for Summary Judgment. Specifically, Fort Wayne asserts that EBH's Motion to Strike Fort Wayne's Response to Plaintiffs' Motion for Summary Judgment was untimely filed and should not have been granted *sua sponte* by the trial court. The

admission of evidence is "left to the sound discretion of the trial court, and we will not reverse that decision except for an abuse of that discretion." *Mann v. Russell's Trailer Repair, Inc.*, 787 N.E.2d 922, 926 (Ind.Ct.App.2003) (quoting *State v. Snyder*, 594 N.E.2d 783, 787 (Ind.1992)). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

In the instant case, our review of the record reveals that Fort Wayne did not comply with the rules set forth in T.R. 56(C).[1] Specifically, Fort Wayne did not respond to EBH's Motion for Summary Judgment within the thirty-day time frame or request additional time within that same thirty-day period. As a result, the trial court clearly stated at the May 31, 2002 hearing that it would not consider the materials filed by Fort Wayne on the day of the hearing for the purpose of ruling on EBH's Motion for Summary Judgment.

The record further discloses that Fort Wayne waited until the summary judgment hearing to file their response. T.R. 56(I) states that, "[t]he Court, for cause found, may alter any time limit set forth in this rule." Here, the trial court did not find cause and as such determined that it would not alter the time limits. Therefore, the trial court did not accept Fort Wayne's untimely filing. Based upon our review of the record, we find that the trial court's determination was not against the logic and effect of the facts and circumstances before it. *See Mann*, 787 N.E.2d at 926. As a result, we conclude that the trial court did not abuse its discretion.

Moreover, we find Fort Wayne's contentions that the trial court acted, *sua sponte*, without merit. On the contrary, our review of the record shows that EBH objected to Fort Wayne's summary judgment response. Particularly, at the December 12, 2002 hearing on Fort Wayne's Motion to Correct Errors, EBH specifically objected to the trial court's consideration of Fort Wayne's untimely filings and any continuance or enlargement of time to make further filings. Although the record reveals that EBH also filed a Motion to Strike Fort Wayne's untimely filings, nonetheless, their objection was made orally at the prior hearing. Based upon this, we find that the trial court did not act *sua sponte;* but rather acted upon motion by EBH.

Based upon the above, we conclude that the trial court did not abuse its discretion in granting EBH's Motion to Strike Fort Wayne's Response to Plaintiffs' Motion for Summary Judgment. *Mann*, 787 N.E.2d at 926. Consequently, we find that the trial court did not err in refusing to consider Fort Wayne's untimely response to EBH's Motion for Summary Judgment. *See id.*

### III. *Excusable Neglect*

Next, Fort Wayne alleges that the trial court abused its discretion by failing to set aside the summary judgment ruling under Trial Rule 60(B)(1), excusable neglect. In particular, Fort Wayne claims that it suffered from the dismissal of a counterclaim when its prior counsel was dismissed from the instant case. Conversely, EBH contends that there was ample evidence to support the trial court's

---

1. Trial Rule 56(C) requires that an adverse party designate evidence and material issues of fact in its "response," which must be filed within 30 days after the motion is served. *Kissell v. Vanes*, 629 N.E.2d 878, 880 (Ind.Ct. App.1994). If the non-moving party does not respond to a properly supported motion by setting forth specific facts showing a genuine issue for trial, then T.R. 56(E) mandates that summary judgment, if appropriate, be entered against him. *Id.*

refusal to set aside the judgment on the grounds of excusable neglect.

 "On motion and upon such terms as are just, the trial court may relieve a party from an entry of a final order for reasons other than mistake, surprise, neglect, fraud, default without notice or grounds that could be rectified with a motion to correct error." T.R. 60(B)(1); *In re Estate of Moore*, 714 N.E.2d 675, 677 (Ind.Ct.App.1999). This "catchall" provision is reserved for those cases in which "extraordinary circumstances justify extraordinary relief." *Id.; McIntyre v. Baker*, 703 N.E.2d 172, 175 (Ind.Ct.App.1998). Relief from judgment is an equitable remedy that is left to the discretion of the trial court. *Thayer v. Gohil*, 740 N.E.2d 1266, 1269 (Ind.Ct.App.2001). Thus, this court will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Id.; Wolvos v. Meyer*, 668 N.E.2d 671, 678 (Ind.1996). An abuse of discretion occurs where the court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *In re Estate of Moore*, 714 N.E.2d at 677.

In the present case, Fort Wayne claims excusable neglect under T.R. 60(B)(1) because service of EBH's Motion for Summary Judgment, which was filed on April 4, 2002, was made on Fort Wayne's registered agent in Indiana, CT Corporation, and Fort Wayne did not actually receive the motion at its offices in Michigan until "around May 3, 2002." (Appellant's App. p. 155). Fort Wayne maintains that it was prejudiced by service of process being made upon its registered agent, and not sent directly to Fort Wayne's offices in Michigan.

We find that there is no excusable neglect in this case that warrants the setting aside of the summary judgment order under T.R. 60(B)(1). Fort Wayne's responsibilities under Local Rule 3 were clear, and they were not met. Particularly, the record indicates that its prior attorney, Attorney Swihart, advised Fort Wayne in writing that it was responsible for filing with the clerk of court the name, address, and telephone number of the proper person to receive notices regarding the case. In fact, the record discloses that at the December 12, 2002 hearing, the trial court spent ample time discussing Fort Wayne's failure to provide the clerk or EBH's counsel of this pertinent information. Thus, Fort Wayne prejudiced itself by not complying with Local Rule 3 or taking action pursuant to the advice from its prior counsel.

Nevertheless, the record indicates that service of process was made upon Fort Wayne's registered agent in Indiana, CT Corporation, and transmitted to Fort Wayne at its address of record on April 9, 2002.[2] However, Fort Wayne changed the address that was on record as of April 9, 2002, without notifying CT Corporation and therefore EBH's summary judgment documents were not received by Fort Wayne until "around May 3, 2002." (Appellant's App. p. 155). Although Fort Wayne contends that it was harmed due to its delay in receiving the summary judgment documents, we believe that Fort Wayne still had sufficient time to respond or make a timely request for an enlargement of time, if it had acted diligently. In particular, the record reflects that Fort Wayne did not hire the services of its current Indiana counsel to enter an ap-

---

**2.** Specifically, at the time of the filing of EBH's Motion for Summary Judgment, information on file with the Indiana Secretary of State indicated that Fort Wayne's address was One N. Capitol Avenue, Indianapolis, Indiana 46204, and that its registered agent was CT Corporation, 36 S. Pennsylvania Street, Suite 700, Indianapolis, Indiana 46204.

pearance on its behalf until another twenty-five days after they received the summary judgment documents on May 3, 2002.

Accordingly, because Fort Wayne has presented no extraordinary circumstances justifying relief under Indiana Trial Rule 60(B)(1), we conclude that the trial court did not abuse its discretion when it denied Fort Wayne's motion to set aside the summary judgment order. *See In re Estate of Moore,* 714 N.E.2d at 678.

IV. *Untimely Attorney Fee Evidence*

■ Fort Wayne also contends that the trial court erroneously granted attorney fees to EBH. Specifically, Fort Wayne argues that EBH's attorney fee affidavit should have been stricken due to their untimely filing. Conversely, EBH claims that the attorney fee affidavit supplemented the facts that were already in evidence, and therefore the admission of the attorney fee evidence met the time restrictions and designation requirements in T.R. 56(C).

■■ It is true that under Rule 56(C) a party opposing summary judgment has thirty-days to file a response. Further, when a party fails to file a response within thirty days, the trial court has the discretion whether to consider materials filed thereafter. *See Indiana Univ. Medical Center, Riley Hosp. for Children v. Logan,* 728 N.E.2d 855, 858 (Ind.2000); *see also Seufert,* 649 N.E.2d at 1073. In particular, Indiana Trial Rule 56(E) provides that "... the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Thus, it is within the trial court's discretion to accept an affidavit filed later than the date specified in the rule. *Indiana Univ. Medical Center,* 728 N.E.2d at 858; *see also Pekin Ins. Co. v. Charlie Rowe Chevrolet, Inc.,* 556 N.E.2d 1367, 1369 (Ind.Ct.App.1990) (where court held

that timely filed affidavits may properly be considered by the trial court").

In the instant case, Fort Wayne contends that the attorney fee affidavit does not fit within the meaning of T.R. 56(E), supplemental affidavit, and therefore should not have been accepted by the trial court. However, we find this contention misplaced. In particular, the record reveals that in paragraph 16 of the Affidavit of White, White states: "EBH and I have incurred substantial legal fees and expenses in the defense of the Arizona Litigation and in the enforcement of [Fort Wayne's] indemnification obligation under the Assumption Agreement." (Appellant's App. p. 106). Thus, our review of the record indicates that the attorney fee affidavit merely supplements the Affidavit of White by detailing and quantifying the amount of fees incurred by EBH as stated in the affidavit. *See Indiana Univ. Medical Center,* 728 N.E.2d at 858.

Nonetheless, Fort Wayne maintains that it was error for the trial court to have accepted the attorney fee affidavit submitted by EBH and to have allowed the recovery of fees based on that affidavit, because it was not specifically listed in EBH's Designation of Materials. However, T.R. 56(C) clearly provides that the issues of liability and damages can be considered separately. Here, the record shows that EBH's attorney fee affidavit was not relied upon by the trial court as a legal or factual basis for granting summary judgment. Thus, we believe that it was proper for the trial court to request and receive evidence on the issue of damages.

Accordingly, we find that admitting the attorney fee affidavit, filed after the deadline, but before the date of the hearing, was not against the logic and effect of the facts and circumstances before the trial court. Consequently, we conclude that the

trial court did not abuse its discretion. *See Indiana Univ. Medical Center,* 728 N.E.2d at 858.

### V. *Summary Judgment Award*

Additionally, Fort Wayne alleges that the trial court erred in granting summary judgment in EBH's favor. Particularly, Fort Wayne claims that EBH did not present a prima facie case entitling it to summary judgment. Conversely, EBH maintains that the trial court properly granted summary judgment in their favor based on applicable law and the evidentiary matters designated to the trial court by EBH.

As mentioned previously, in reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Venture Enterprises, Inc. v. Ardsley Distributors, Inc.,* 669 N.E.2d 1029, 1032 (Ind.Ct. App.1996). On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.*

■ In the present case, the materials designated before the trial court by EBH definitely established a lack of any genuine issues of material fact. Through the Assumption Agreement and exhibits submitted to the trial court, EBH established that Fort Wayne was responsible for and failed to make payments under the Liberty Lease. Particularly, the Assumption Agreement provided that Fort Wayne would "expressly and unconditionally assume(d)" all of EBH's liabilities and obligations under that lease, as well as under the remaining leases set forth in the exhibit attached. (Appellant's App. pp. 20, 23). Based upon this agreement, we find that Fort Wayne was negligent in failing to make the payments under the lease.

Nevertheless, Fort Wayne maintains that a genuine issue of material fact exists regarding whether the Liberty Lease was ineffective and void due to the fact that Liberty's prior written consent to the assignment had not been obtained; nonetheless, we disagree. Our review of the record discloses that Fort Wayne entered into the Assumption Agreement and accepted the assignment of the Liberty Lease. The requirement contained in the Liberty Lease that EBH first obtain Liberty's written consent to any assignment of the lease did not render the lease non-assignable. Rather, we find that the requirement rendered the assignment voidable at the option of Liberty, not Fort Wayne. The record is devoid of evidence where Liberty objected to Fort Wayne making the payments under the terms of the lease. Thus, Fort Wayne was clearly responsible for making the payments for the heat pumps that it continued to use in the Hotel.

With the above in mind, we conclude that no genuine issue of material fact exists regarding whether the Liberty Lease was void. *Venture Enterprises, Inc.,* 669 N.E.2d at 1032. Therefore, we find that the trial court properly granted EBH's Motion for Summary Judgment.

### VI. *Attorney Fees*

Lastly, Fort Wayne claims that the trial court erred in awarding attorney fees to EBH. Particularly, Fort Wayne argues that Indiana law does not permit the award of attorney fees in actions to enforce indemnity agreements. However, our case law holds otherwise.

■ The award of an amount for attorney fees is within the trial court's discretion, therefore, we will reverse only where an abuse of discretion is apparent. *Zebrowski and Associates, Inc. v. City of Indianapolis by and through its Bd. Of Directors for Utilities of its Dept. of Public Utilities,* 457 N.E.2d 259, 263 (Ind.Ct.

App.1983). We have previously held that an indemnitee is entitled to recover attorney's fees expended defending the underlying claim and prosecuting the claim for indemnification. *Bethlehem Steel Corp. v. Sercon Corp.*, 654 N.E.2d 1163, 1168 (Ind. Ct.App.1995). It has been held:

> An indemnitee, who incurs legal expenses through defending an action against him for which he is entitled to indemnification, is entitled to recover the expenses of creating his defense, including reasonable attorney fees. This is especially true where the indemnitor incurred through an original action which is settled, and also for the cost of prosecuting the indemnity clause.

*Id.* at 1168–69. Generally, the reasonableness of the attorney's fees is a matter to be resolved in an evidentiary hearing. *Id.*

 Here, the record reveals that a significant amount of damage suffered by EBH as a result of Fort Wayne's breach of the Assumption Agreement has been the legal expense incurred in the settlement of the Arizona Litigation, as well as in the prosecution of the instant case. The record further reveals that Fort Wayne's refusals to comply with the discovery rules and orders issued by the trial court have increased the considerable legal fees. Consequently, EBH has suffered financially as a result of Fort Wayne's breach of its obligations under the Assumption Agreement.

Based upon this, it is clear that EBH was entitled to recover attorney fees. *See Bethlehem Steel Corp.*, 654 N.E.2d at 1168. Therefore, we find that the trial court did not abuse its discretion in awarding attorney fees to EBH. *See Zebrowski and Associates, Inc.*, 457 N.E.2d at 263.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in granting EBH's Motion to Strike Fort Wayne's Response to Plaintiffs' Motion for Summary Judgment. Further, we find that the trial court did not abuse its discretion in refusing to set aside the summary judgment order. Additionally, we hold that the trial court's determination to admit the attorney fee affidavit, filed after the deadline, was not against the logic and effect of the facts and circumstances before the trial court. We also conclude that a genuine issue of material fact did not exist regarding whether the Liberty Lease was void. Lastly, we find that the trial court did not abuse its discretion in awarding attorney fees to EBH. Therefore, we affirm the trial court's grant of summary judgment in favor of EBH.

Affirmed.

DARDEN and BAILEY, JJ., concur.