**AQUASOURCE, INC. and The Reynolds Group, Inc., Appellants–Defendants,**

v.

**WIND DANCE FARM, INC., Appellee–Plaintiff.**

No. 22A01–0409–CV–396.

Court of Appeals of Indiana.

Sept. 6, 2005.

Rehearing Denied Nov. 1, 2005.

John W. Woodard, Jr., Wyatt, Tarrant & Combs, LLP, Louisville, KY, for Appellants.

Nicholas K. Kile, P. Jason Stephenson, Barnes & Thornburg, LLP, Indianapolis, IN, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, AquaSource, Inc. and The Reynolds Group, Inc. (collectively, AquaSource), appeal the trial court's grant of partial summary judgment in favor of Appellee–Plaintiff, Wind Dance Farm, Inc. (Wind Dance).

We affirm.

### ISSUE

AquaSource raises two issues on appeal, which we consolidate and restate as: whether the trial court erred as a matter of law in finding that AquaSource breached its contract with Wind Dance by failing to make a reasonable and good faith effort to satisfy the condition precedent.

### FACTS AND PROCEDURAL HISTORY[1]

AquaSource is a corporation that provides wastewater treatment services. Wind Dance is a residential real estate development company located in Floyd County, Indiana. One of Wind Dance's residential developments in Floyd County is called the Woods of Lafayette. In late 1998, Wind Dance's Secretary, Elmer Knable, contacted Bill Reynolds, an executive at AquaSource, to inquire as to whether AquaSource would be interested in providing sewer service to the Woods of Lafayette. On September 20, 1999, Wind Dance and AquaSource executed a "Contract for the Rendering of Sewage Disposal and Treatment Services" (the Contract) (Appellants' App. pp. 171–77). Pursuant to the terms of the Contract, AquaSource was to use an existing, nearby sewage treatment plant (the treatment facility) to treat all sewage collected from the Woods of Lafayette on or before February 28, 2000. The Contract included an express condition precedent subjecting it to approval by AquaSource's Board of Directors (the Board):

> THIS AGREEMENT made by and between [Wind Dance], an Indiana corporation, [ ], and [AquaSource], a Delaware corporation, [ ], subject to approval by its Board of Directors.

. . . . .

---

1. Oral arguments were held on June 20, 2005, in the Court of Appeals' courtroom. We here-by congratulate and thank counsel for their excellent presentations.

NOW THEREFORE, in consideration of the faithful performance of the covenants, conditions and promises contained herein, [Wind Dance] and [AquaSource], subject to approval by its Board of Directors, agree as follows:

(Appellants' App. p. 171). After executing the Contract, AquaSource representatives submitted the Contract to AquaSource's Rates and Regulatory Affairs department (RRA department), which determined that the Contract did not meet the threshold criteria necessary for the Board's consideration. Nevertheless, Wind Dance and AquaSource proceeded to negotiate changes to the Contract, believing that an acceptable agreement could be worked out. During these negotiations, AquaSource brought the operation of the treatment facility into compliance with regulatory requirements and provided an operator to supervise the treatment facility from February of 2000 until January of 2001.

In November of 2000, Wind Dance terminated negotiations with AquaSource. From September 20, 1999, the date the Contract was signed, until November of 2000, the date Wind Dance terminated negotiations, AquaSource never presented the Contract to its Board.

On November 18, 2002, Wind Dance filed its Complaint against AquaSource for breach of contract, promissory estoppel, and constructive fraud. On November 20, 2003, Wind Dance filed its Motion for Partial Summary Judgment on its claim for breach of contract. AquaSource replied to Wind Dance's motion and the trial court took the matter under advisement. On June 4, 2004, the trial court granted Wind Dance's Partial Motion for Summary Judgment and ordered in pertinent part as follows:

> Indiana law has adopted a doctrine which provides that a party may not rely on a failure of a condition precedent to excuse that party's nonperformance where the party's inaction caused the failure. *Indiana Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1019 (Ind. 1998). This is known as the *Hamlin* doctrine. It imposes "an implied obligation to make a reasonable and good faith effort to satisfy the condition." *Id.* (citing *Hamlin v. Steward*, 622 N.E.2d 535, 540 (Ind.Ct.App.1993)). "Where the condition is itself the approval by some division or component of the party, [ ] the obligation is [ ] to consider that approval in good faith." *Id.* AquaSource had sole control over the satisfaction of the condition precedent in the Contract and had an obligation to make a reasonable and good faith effort to satisfy the condition by submitting the Contract to its [Board] to consider approval in good faith.

> .    .    .    .    .

> AquaSource breached the duty imposed upon it by the *Hamlin* doctrine by never submitting the Contract to its [Board] for approval. Submission of the Contract to its [RRA department] was insufficient because the Contract's express language requires consideration by AquaSource's [Board]. As the [s]upreme [c]ourt recognized in *Curtis*, "[w]here the condition is itself the approval by some division or component of the party, [ ] the obligation is [ ] to consider that approval in good faith." *Curtis*, 704 N.E.2d at 1019. It is undisputed that AquaSource never placed the Contract before the division required to consider approval under the terms of the Contract. Its failure to do so constituted a breach of its duty to consider the Contract in good faith.

> .    .    .    .    .

> [AquaSource's] failure to submit the Contract to [its] [Board] for approval

and to provide sewage treatment service to [Wind Dance] under the terms of the Contract constituted a breach of the Contract. Upon a showing that a party failed to make a reasonable and good faith effort to satisfy a condition precedent, that party is precluded from arguing the failure of the condition precedent as a bar to its performance. [*Billman v. Hensel*, 181 Ind.App. 272, 391 N.E.2d 671, 673 (1979)]. Because this [c]ourt has found that AquaSource failed to fulfill this duty, [ ] [Aqua-Source] [is] precluded from raising the condition precedent as an excuse for its nonperformance. [ ] [AquaSource] never commenced providing sewer service to [Wind Dance] as required by the Contract and has no excuse for that failure.

.     .     .     .     .

The [c]ourt now finds there is no genuine issue of material fact relating to the issues placed before the court and that judgment must be entered as a matter of law in favor of [ ], [Wind Dance] that:

(1) A valid contract existed between [Wind Dance] and [AquaSource];[2]

(2) AquaSource owed [Wind Dance] a duty to make a reasonable and good faith effort to satisfy the condition precedent in the Contract;

(3) AquaSource breached its duty to make a reasonable and good faith effort to satisfy the condition precedent; and

(4) [AquaSource] breached the Contract by failing to make a reasonable and good faith effort to satisfy the condition precedent and by not providing sewage treatment service to [Wind Dance's] develop-

ment under the terms of the Contract.

Judgment on the Findings.

SO ORDERED, this 4th day of June, 2004.

.     .     .     .     .

(Appellants' Br. pp. 20–22).

Thereafter, on July 6, 2004, AquaSource filed a motion to reconsider the trial court's Order and an alternative motion for certification of the Order for Interlocutory Appeal. On August 16, 2004, the trial court granted AquaSource's Motion for Certification of Order for Interlocutory Appeal, and stayed further proceedings in its forum.

AquaSource now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

We note that summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Fort Wayne Lodge, LLC. v. EBH Corp.*, 805 N.E.2d 876, 882 (Ind.Ct.App.2004). In reviewing a decision upon a summary judgment motion, we apply the same standard as the trial court. *Fort Wayne Lodge, LLC.*, 805 N.E.2d at 882. We do not reweigh the evidence designated by the parties. *Id.*

The moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* Once this burden is met, the non-moving party must respond by setting forth specific facts demonstrating a genuine need for trial, and cannot rest upon the allegations

2. This finding is correct to the extent that the contract was valid subject to the condition precedent.

or denials in the pleadings. *Id.* Additionally, Indiana Trial Rule 56(H) provides that "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." Consequently, we review only the designated evidentiary material in the record, construing that evidence liberally in favor of the non-moving party, so as not to deny that party its day in court. *Id.*

## II. *Breach of Contract*

AquaSource contends that the trial court erred in granting Wind Dance's Partial Motion for Summary Judgment. Specifically, AquaSource argues that its RRA department considered approval of the Contract in good faith and determined that the Contract did not meet the threshold criteria for Board consideration. On the other hand, Wind Dance asserts that AquaSource failed to make a reasonable and good faith effort to satisfy the condition precedent because it never even attempted to submit the Contract to its Board for approval.

■ Under contract law, a condition precedent is a condition that must be performed before the agreement of the parties becomes a binding contract or that must be fulfilled before the duty to perform a specific obligation arises. *McGraw v. Marchioli,* 812 N.E.2d 1154, 1157 (Ind. Ct.App.2004). However, in *Hamlin v. Steward,* 622 N.E.2d 535, 540 (Ind.Ct.App. 1993), we recognized the rule that a party may not rely on the failure of a condition precedent to excuse performance where that party's own action or inaction caused the failure. When a party retains control over when the condition will be fulfilled, it has an implied obligation to make a reasonable and good faith effort to satisfy the condition. *Id.* A good faith effort is defined as what a reasonable person would determine is a diligent and honest effort under the same set of facts or circumstances. *Id.*

■ Here, the condition precedent was that the Contract was "subject to approval" by AquaSource's Board before any of the terms in the Contract became binding on AquaSource and Wind Dance. Therefore, in order to satisfy the condition precedent, AquaSource was required, in accordance with the *Hamlin* doctrine, to make a reasonable and good faith effort to seek approval of the Contract by its Board. See id.

■ AquaSource first contends that its RRA department, as an agent of the Board, considered approval of the Contract in good faith. Specifically, AquaSource argues that as long as the Contract is considered for approval in good faith, it should not matter if the RRA department or the Board makes that determination. Wind Dance asserts that AquaSource failed to designate any evidence that its RRA department was given authority to consider the Contract for approval. We agree with Wind Dance.

In the instant case, AquaSource claims that it designated evidence of its RRA department's authority to consider approval of the Contract. Specifically, AquaSource directs us to the following sentence in its answer to Wind Dance's request for admissions: "[AquaSource]..., did submit the [Contract] that is Exhibit A to AquaSource's [RRA department] for review to determine if the [Contract] met the threshold criteria for AquaSource's Board's consideration and was advised that it did not." (Appellants' App. p. 265). However, we find this designation fails to show that the RRA department was given delegated authority by the Board to approve or disapprove the Contract. The designation

merely clarifies that the RRA department was reviewing the Contract prior to its submission to the Board. Therefore, the issue before us is whether the RRA department's review of the Contract constituted a reasonable and good faith effort by AquaSource to obtain approval of the Contract by its Board. We find that it does not.

In support of its position that the RRA department's review of the Contract constituted a reasonable and good faith effort to satisfy the condition precedent, Aqua-Source relies on *Indiana State Highway Commission v. Curtis*, 704 N.E.2d 1015 (Ind.1998). In *Curtis*, the plaintiffs granted the State of Indiana (the State) an easement onto their commercial property to complete highway drainage work. *Id.* at 1016. Several years after granting the easement, the plaintiffs sued the State, alleging that the drainage work had destroyed their septic system and caused loss of business by restricting access to their property and rendering their parking lot useless. *Id.* Prior to trial, the State's private attorney, working with a deputy attorney general, executed a settlement with the plaintiffs agreeing to provide monetary damages within forty-five days of signing, and the grant of an easement onto State property to install a new septic system. *Id.* at 1017. The settlement agreement stipulated that any monetary damages required approval by the Governor, and that any easement over State property required approval by the Indiana Department of Transportation (INDOT). *Id.* Because the State had not paid the amount of damages provided in the settlement agreement within 45 days, the plaintiffs filed a motion to enforce the settlement agreement. *Id.* Following a hearing regarding the plaintiffs' motion, the trial court ordered the State to pay the settlement and permit the easement for the septic system. *Id.* Prior to the State's

appeal, the State paid the plaintiffs the amount agreed upon in the settlement agreement. *Id.*

On appeal, we affirmed the trial court's enforcement of the agreement. *Id.* On transfer to our supreme court, the plaintiffs contended that the easement agreement was enforceable without approval by the Governor or INDOT because the State's private attorney and the deputy attorneys general had the authority to bind the State. *Id.* at 1018. Our supreme court reversed this court's opinion, holding that the State, like any other party, may include enforceable conditions precedent in a settlement agreement that, if not met, render obligations not binding. *Id.* Accordingly, the supreme court concluded that although the plaintiffs and the State's attorneys executed a settlement agreement, such agreement was not enforceable without the Governor and INDOT's approval. *Id.* at 1020. Further, recognizing the *Hamlin* doctrine, the supreme court noted that the State may not rely on a failure of a condition precedent if it caused the failure. *Id.* The supreme court also noted that the absence of bad faith does not relieve a party from making a good faith effort to satisfy the condition precedent. *Id.* at 1019.

Here, AquaSource failed to make a good faith effort to satisfy the condition precedent. As we noted above, the *Hamlin* doctrine requires that "[w]hen a party retains control over when the condition will be fulfilled, it has an implied obligation to make a reasonable and good faith effort to satisfy the condition." *Hamlin*, 622 N.E.2d at 540. Here, AquaSource retained control over when and if the Contract would be approved because all agreements made under the Contract were "subject to approval by [AquaSource's] [Board]." (Appellants' App. p. 171). However, throughout the course of all ne-

gotiations and preparations to treat Wind Dance's facility, AquaSource never even presented the Contract to its Board for consideration. Review of the Contract by AquaSource's RRA department might have been a good faith effort to follow internal policy, but approval consideration of the Contract by its RRA department was not included in the condition precedent. And, in any event, as we have found above, AquaSource has not shown that the RRA department has authority to approve or disapprove the Contract. Under the terms of the Contract, Wind Dance could only rely on the explicit approval of the Board. Therefore, a good faith effort to satisfy the condition precedent would entail at least presenting the Contract to the Board for its consideration. *See id.* Because AquaSource failed to even present the Contract to its Board, we find that it did not make a reasonable and good faith effort to satisfy the condition precedent. Accordingly, we conclude that no genuine issue of material fact exists as to whether AquaSource breached the Contract. *Fort Wayne Lodge, LLC.*, 805 N.E.2d at 882.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting partial summary judgment in favor of Wind Dance.

Affirmed.

SULLIVAN, J., and NAJAM, J., concur.