


FILED

Oct 31 2025, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Treyburn Lakes Homeowners Association, Inc.,

*Appellant-Plaintiff*

v.

Solomon L. Scott, et al.,

*Appellee-Defendants*

---

October 31, 2025

Court of Appeals Case No.
25A-CC-646

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge
The Honorable Ian Stewart, Magistrate

Trial Court Cause No.
49D01-2407-CC-30462

---

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

[1] Treyburn Lakes Homeowners Association, Inc., (the "Association") obtained three personal judgments against Solomon Scott[1] between 2016 and 2021. The Association recorded a homeowners association lien in July 2021 that secured all amounts owed, including amounts awarded for attorney fees. When the Association foreclosed this lien, the trial court refused to include the prior attorney fees in the foreclosure decree and reduced the Association's request for attorney fees in the foreclosure action itself from $5,754.00 to $1,424.00 without conducting a hearing. On appeal, the Association argues the trial court abused its discretion by excluding the prior attorney fees from the foreclosure decree and by ordering less than all requested attorney fees without holding a hearing. Because the Association demonstrated prima facie error on both issues, we reverse and remand.

## Facts and Procedural History

[2] On May 25, 2001, Solomon Scott purchased property at 9607 Piper Lake Drive, Indianapolis, subject to the Declaration of Covenants, Conditions, and Restrictions of Treyburn Lakes ("the Declaration"), which were recorded in 1998. (Appellant's App. Vol. II at 53.) Article V, Section 5.8 of the Declaration provides:

---

[1] In the foreclosure action against Scott, the Association also named as defendants: National City Mortgage Company, who has the first priority mortgage on Scott's property; the Secretary of Housing and Urban development, who also has a mortgage on Scott's property, and the State of Indiana, who has a tax lien on Scott's property. None of these parties has filed a brief on appeal but they remain parties to the appeal pursuant to Indiana Appellate Rule 17.

If any assessment (or periodic installment of such assessment, if applicable) is not paid on the due date established therefor pursuant to this Declaration, then the entire unpaid assessment (together with interest thereon, costs and attorneys' fees as provided in this Declaration) shall become delinquent and shall constitute a continuing lien on the Lot to which such assessment relates, binding upon the then Owner, his heirs, devisees, successors and assigns. . . . If any assessment is not paid within thirty (3)) days after the due date, the assessment shall bear interest from the date of delinquency at the rate of eight percent (8%) per annum, and the Association may bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien against the property, or both. In such event, there shall be added to the amount of such assessment the costs and attorney's fees of preparing and filing the complaint in such action; and in the event a judgment is obtained such judgment shall include interest on the assessment as above provided, costs of the action and reasonable attorneys' fees to be fixed by the court. No Owner may waive or otherwise escape liability for the assessments provided for herein by nonuse of the Common Area owned by the Association or abandonment of his Lot.

(App. Vol. II at 31-32.) Scott failed to pay the required assessments, and the Association filed three separate actions against Scott in Marion County – 49D13-1410-PL-034434, 49D06-2007-CC-023102, and 49D14-2001-CC-000781.

[3] On July 14, 2016, the Association received a final judgment order requiring Scott to pay "reasonable attorneys fees and expenses incurred, totaling $4,000.00, plus court costs." *Final Judgment Order for Defendants to Pay Plaintiff's Attorney Fees and Expenses*, Cause No. 49D13-1410-PL-034434 (July 14, 2016). On June 17, 2020, the Association received a default judgment against Scott

> for $2,685.00 for the unpaid property assessments, late fees, and other charges, plus reasonable attorney fees of $612.50, for a total judgment of $3297.50, plus any court costs and additional attorney fees that the Association incurs in this matter up to and including the date such judgment is paid in full.

*Default Judgment Order*, Cause No. 49D14-2001-CC-000781 (June 17, 2020). On January 8, 2021, the Association received a default judgment against Scott

> for $375.00 for the unpaid property assessments, late fees, and other charges, plus reasonable attorney fees of $612.50, for a total judgment of $987.50, plus any court costs and additional attorney fees that the Association incurs in this matter up to and including the date such judgment is paid in full.

*Default Judgment Order*, Cause No. 49D06-2007-CC-023102 (Jan. 8, 2021).

[4]     On July 22, 2021, the Association recorded a homeowners association lien securing those three judgments as Instrument Number A202100095936. The lien secured

> $6,445.27 . . . for unpaid assessments, late fees, and other charges as provided for in the Declaration of Covenants . . . . The lien also secures the costs of recording this lien, as well as any additional expenses, damages and unpaid reasonable attorney fees that are due or which may accrue after the date this Lien is filed and prior to entry of a final judgment of foreclosure.

(App. Vol. II at 54.)

[5]     On July 9, 2024, the Association filed this foreclosure action seeking $11,613.81 "for past-due assessments, collections costs, attorney fees, and late charges

through July 9, 2024" (*id*. at 19), plus "any and all additional assessments and costs accruing hereafter and prior to entry of judgment[.]" (*Id*.) Scott did not respond to the Association's foreclosure complaint.

On February 5, 2025, the Association moved for default judgment and asked the court to enter judgment against Scott for $4,580.00 "for past-due assessments, collection costs and late charges as of January 1, 2025" and $9,424.45 for "attorney's fees and court costs[.]" (*Id*. at 84.) The affidavit in support of the attorney fees and court costs indicated the court costs were $1,558.20 and the attorney fees were $7,866.25. (*Id*. at 94.) The Itemization of Attorney Fees and Costs filed in support of the request for attorney fees indicated the fees remaining from the first action filed in October of 2014 to collect assessments were $1,137.25, and the attorney fees remaining in the other two actions in 2020 and 2021 to collect assessments together totaled $975.00. (*Id*. at 96.) Thus, the Association was requesting $2,550.27 in attorney fees from prior judgments and $5,754.00 in current attorney fees for the foreclosure proceedings.

On February 6, 2025, the trial court granted foreclosure but excluded the prior attorney fees and reduced the current attorney fees to $1,424.45 without conducting a hearing. The Association moved for reconsideration and requested a hearing on attorney fees. The trial court denied the motion on February 12, 2025, explaining:

> The Court awarded reasonable attorney fees for attorney fees generated in THIS case. The Court will not award attorney fees

for work done on previous cases. If attorney fees were awarded in prior judgments, plaintiff is free to try to collect under those other cases. However, the Court will not allow this case to be a super case in which the issue of attorney fees in other matters are relitigated.

(App. Vol. II at 7) (emphasis in original).

## Discussion and Decision

[8] The Association raises two issues: whether the trial court erred by excluding prior attorney fees secured by the lien, and whether the court abused its discretion by reducing current attorney fees without a hearing. Because the appellees filed no briefs on appeal, we review the trial court's judgment for prima facie error, which occurs "at first sight, on first appearance, or on the face of it." *Salyer v. Washington Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020) (quoting *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind 2014)).

[9] The Association argues the trial court made two separate errors with regard to its requests for attorney fees.

> We review a trial court's decision to grant a petition for attorneys' fees for an abuse of discretion. A trial court has abused its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the court has misinterpreted the law. As such, we continue to review for clear error any findings of fact and de novo any legal conclusions on which the trial court based its decision.

*R.L. Turner Corp. v Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012) (internal citations omitted).

## 1. Exclusion of prior-case attorney fees

[10]   When the trial court entered the foreclosure judgment, it did not include the debt remaining for attorney fees from Cause Numbers 49D13-1410-PL-034434, 49D06-2007-CC-023102, and 49D14-2001-CC-000781.  The Association challenged that decision by a motion to reconsider, and the trial court explained:

> The Court awarded reasonable attorney fees for attorney fees generated in THIS case. The Court will not award attorney fees for work done on previous cases.  If attorney fees were awarded in prior judgments, plaintiff is free to try to collect under those other cases.  However, the Court will not allow this case to be a super case in which the issue of attorney fees in other matters are relitigated.

(App. Vol. II at 7) (emphasis in original).

[11]   Contrary to what the trial court stated, the Association was not asking the trial court to "award" attorney fees for prior causes of action.  The awards of attorney fees were already made in the earlier causes of action – $612.50 in Cause No. 49D14-2001-CC-000781, $612.50 in Cause No. 49D06-2007-CC-023102, and $4,000.00 in Cause No. 49D13-1410-PL-034434.  Those judgment amounts were then secured by the lien that the Association placed on Scott's property.  Those steps were taken by the Association in accordance with Section 5.8 of the Declaration, which is quoted above, and Indiana Code

section 34-55-9-2, which provides "final judgments for the recovery of money or costs . . . constitute a lien upon real estate[.]"

[12] The Association then filed a foreclosure action to recover the judgments secured by the lien pursuant to Section 5.8 of the Declaration, as quoted above, and Indiana Trial Rule 69(C), which permits foreclosure of liens on real estate to proceed by the same rules as foreclosure of mortgages. During that foreclosure proceeding, the Association is entitled to recover any debts remaining on the prior judgments secured by the liens, and because the attorney fees were secured by the liens, the trial court abused its discretion by failing to include the unpaid amounts of those attorney fee awards in the foreclosure judgment.[2] We accordingly reverse the trial court's judgment and direct the trial court to include the remaining balances of the prior attorney fee judgments in the new final judgment entered for the Association.[3]

## 2. Calculation of this-case fees

[13] The trial court awarded only $1,424.00 for attorney fees and costs for this foreclosure proceeding when the Association submitted detailed evidence to

---

[2] The trial court's concern about this proceeding being a "super case" in which attorney fees are "relitigated" is simply misplaced. The award of a reasonable attorney fee for the prior cases is not at issue. What **is** at issue is the amount of debt that remains on the judgments secured by the lien, which includes awards of attorney fees. Calculating the amount of debt remaining is not a task for the courts that entered the original judgments. It is a task for the court foreclosing the judgment lien.

[3] The Association also asserts "$438.02 in expenses [were] secured by the Association's Judgment Liens." (Appellant's Br. at 16.) On remand, the trial court should determine the amount of costs that were secured by the lien that remain to be paid and include those amounts in the foreclosure judgment.

support $5,754.00 in attorney fees for tasks completed after the lien was filed in 2021 and $1,120.18 for costs after that point. By awarding only $1,424.00, the trial court essentially awarded costs and then $300 for attorney fees, without providing any justification for drastically reducing the attorney fees, except that the court thought it was "reasonable[.]" (App. Vol. II at 7.)

[14] Section 5.8 of the Declaration makes Scott responsible for the attorney fees associated with steps necessitated by his failure to pay the Association's regular assessments. Collecting the past due assessments from Scott has been a multi-year, multi-proceeding task that required counsel to have specialized knowledge of foreclosure procedures, homeowner association law, judgment liens, and priority of recorded interests. While the Declaration gives the trial court the authority to fix an amount that is "reasonable" for those fees, (*id.* at 32), the trial court needs to provide "transparency as to the basis of its reduction of the attorney fee award." *Hanson v. Valma H. Hanson Revocable Trust*, 855 N.E.2d 655, 668 (Ind. Ct. App. 2006). The Association requested a hearing at which it could present evidence of the factors in Indiana Professional Conduct Rule 1.5(a)[4] for determining the reasonableness of the fees, but the trial court denied that motion. "Generally, the reasonableness of the attorney's fees is a matter to be resolved in an evidentiary hearing." *Fort Wayne Lodge, LLC v. EBH Corp.*, 805 N.E.2d 876, 887 (Ind. Ct. App. 2004). We agree with the Association that

[4] These factors include such information as: "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;" the customary fee in the geographic area; and the amount of money at issue. Prof. Cond. R. 1.5(a).

it has demonstrated prima facie error in the trial court's award of only twenty percent of the costs and attorney fees requested without holding a hearing, and we accordingly reverse the trial court's award and remand for a hearing.

## Conclusion

The trial court abused its discretion by excluding from the foreclosure judgment the amounts for attorney fees and costs awarded in prior judgments that were secured by the Association's lien that was being foreclosed. The trial court also abused its discretion when it awarded only twenty percent of the Association's attorney fees and costs associated with the current foreclosure proceeding without conducting a hearing. We reverse and remand with instructions for the trial court to: (1) include unpaid attorney-fee and costs awards from prior judgments in the foreclosure decree; and (2) conduct a hearing at which the parties may present evidence about the reasonableness of the attorney fees requested by the Association for this foreclosure proceeding.

Reversed and remanded.

Mathias, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Zachary D. Cronkhite
Kovitz Shifrin Nesbit
Indianapolis, Indiana