**Valerie L. HAMILTON, Appellant–Plaintiff,**

v.

**Steven D. ASHTON, D.O., Ashton Cosmetic Surgery, and Kosciusko Community Hospital, Appellees–Defendants.**

No. 43A03–0506–CV–300.

Court of Appeals of Indiana.

July 12, 2006.

Karen B. Neiswinger, Indianapolis, for Appellant.

Michael H. Michmerhuizen, Tina M. Bell, Barrett & McNagny LLP, Fort Wayne, for Appellee Steven B. Ashton, D.O.

Robert J. Palmer, Jane F. Bennett, May Oberfell Lorber, Mishawaka, for Appellee Kosciusko Community Hospital.

## OPINION ON REHEARING

ROBB, Judge.

In *Hamilton v. Ashton*, 846 N.E.2d 309 (Ind.Ct.App.2006), we held, in part, that the trial court did not err in granting partial summary judgment to Dr. Ashton on the issue of his negligence in the performance of surgery on Valerie Hamilton. Hamilton now petitions for rehearing.[1]

---

1. Because Hamilton's petition for rehearing concerns only our resolution of the issues regarding Dr. Ashton, only Dr. Ashton has responded to the petition.

We grant the petition in order to clarify our holding, but reaffirm our opinion in all respects.

Hamilton filed a malpractice action against Dr. Ashton, alleging that he failed to obtain her informed consent before performing surgery on her ear and also failed to comply with the applicable standard of care in the performance of the surgery itself. The medical review panel opined that there was a question of fact regarding the informed consent issue, but determined that the evidence did not support the conclusion that Dr. Ashton committed malpractice in the performance of the surgery. Based on this opinion, Dr. Ashton moved for and was granted partial summary judgment on the issue of whether he met the applicable standard of care with respect to the surgical techniques used during the procedure. The issues of informed consent and post-operative care were specifically excluded from the summary judgment. On appeal, we affirmed the trial court, holding that because informed consent and the performance of the actual procedure are independent claims, and because Hamilton had not designated any evidence on summary judgment to raise an issue of fact as to Dr. Ashton's performance of the surgery, partial summary judgment in Dr. Ashton's favor was proper. *Id.* at 318.

Hamilton contends on rehearing that our opinion is inconsistent with longstanding case law holding "that surgery performed when there is a lack of informed consent is a wrongful act, and all damages resulting therefrom are compensable." Petition for Rehearing of Appellant, Valerie Hamilton at 8. We do not disagree with Hamilton's assertion that surgery performed without informed consent is malpractice, and neither the trial court nor this court has placed any impediment to Hamilton's ability to pursue her claim for lack of informed consent. In asserting that "if a doctor is negligent in obtaining informed consent for surgery, he is negligent in performing the surgery," *id.* at 7, Hamilton fails to recognize the distinction we have made between the *fact* of a surgery being performed and the *manner* in which the surgery is performed.

If there is no informed consent, the patient has a claim for the fact of the surgery occurring. Within that larger context, if the techniques used in the surgery were themselves negligent, there may also be an independent claim for the manner in which the surgery is performed. Hamilton has raised an issue only with regard to the fact of the surgery, alleging that she was not apprised of the known risk of a facial nerve injury occurring as a side effect of the procedure Dr. Ashton performed. She has not also raised as an issue that the facial nerve injury was caused by negligence in the manner in which Dr. Ashton performed the surgery.

We agree with Hamilton's assertion that there "are sound social policy reasons for the rule that the patient has the right to intelligently accept or reject the risks associated with a proposed surgical procedure, and if those risks were not explained and agreed to in advance, then the physician should be held accountable." Petition for Rehearing at 8. Our holding does not adversely affect that social policy: Hamilton still has a viable claim for lack of informed consent, and upon proof, is entitled to all the damages which have accrued therefrom. We also acknowledge Hamilton's concern about juror confusion at a trial of this matter. Careful instruction of the jury regarding the difference between the two claims will be required, but the differentiation between negligence in the fact of the surgery and negligence in the manner of the surgery is not "logically inconsistent," as Hamilton claims.

Subject to this clarification, we reaffirm our earlier opinion in all respects.

VAIDIK, J., and MATHIAS, J., concur.