**Kenneth V. GORBETT and Florence L. Gorbett, Defendants-Appellants,**

**v.**

**James ESTELLE and Delores Estelle, Plaintiffs-Appellees.**

**No. 1–781A231.**

Court of Appeals of Indiana, First District.

Aug. 3, 1982.

Rehearing Denied Sept. 13, 1982.

John M. Lewis, Seymour, for defendants-appellants.

Dennis M. Stark, Richard S. Eynon, P. C., Columbus, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Kenneth V. Gorbett and Florence L. Gorbett (Gorbetts) appeal a judgment entered in the Jackson Circuit Court in favor of James Estelle and Delores Estelle (Estelles) on their complaint for specific performance of a contract.

We affirm.

## STATEMENT OF THE FACTS

On September 9, 1975, Estelles, the buyers, entered into a conditional land sales contract with Gorbetts, the sellers, to purchase real estate for $5,000: $400 down payment, $100 a month, and at an annual interest of 10 percent. The contract further specified that:

"Buyers agree, however, that they will make all reasonable efforts by refinancing or otherwise to pay the full balance of the purchase price and interest in August, 1976; if they shall be unable to do so, then Sellers and Buyers each agree that either (a) this contract will be extended according to its present terms for an additional year, or (b) the parties shall in good faith renegotiate the terms of payment."

In August, 1976, unable to obtain refinancing, Estelles talked with Gorbetts who orally agreed to continue accepting the $100 monthly payments. The parties held no further discussions regarding the manner of payment. The contract also provided for the possibility that "this contract shall continue through future years...."

Through March, 1978, Estelles made regular monthly payments; thereafter, Estelles made some late payments but the Gorbetts accepted them without objection. At the time of filing the lawsuit, on May 15, 1980, Estelles were current on all their payments. The contract provided:

"If Buyers shall fail to make any payments due Sellers on the purchase price, or shall fail to perform any other condition to be performed by them under this agreement, and such failure shall continue for a period of sixty (60) days, then and in that event, Sellers may, at their option, declare this contract to be terminated, and may retake possession of the premises herein involved, without notice, demand or legal process of any character. Buyers agree in such event to deliver possession of the premises herein involved to Sellers peaceably and without legal process, and further agree that in such event Sellers shall keep and retain all sums previously paid to them as rental

and liquidated damages. The waiver of any default by Sellers shall not be considered the waiver of any subsequent default."

In December, 1979, Estelles offered to pay the balance due on the contract, tendering $993.34 to Gorbetts who repeatedly refused the amount and also refused to tender a warranty deed to the Estelles as agreed under the terms of the contract. As a result, Estelles filed their lawsuit, and, on January 21, 1981, in a trial to the court, Estelles presented their case. Gorbetts moved for a judgment on the evidence which the trial court took under advisement, then the trial court notified the Gorbetts that they could proceed with their case. However, Gorbetts rested without presenting any evidence.

Thereafter, the trial court overruled Gorbetts' motion and entered a judgment with findings of fact and conclusions of law in favor of Estelles.

## ISSUE

Restated, the Gorbetts present the following issue for review:

Whether the decision of the trial court is contrary to law and unsupported by the evidence?

## DISCUSSION AND DECISION

The Gorbetts agree that a written contract may be modified by a subsequent oral agreement if supported with sufficient consideration. However, Gorbetts contend that there was no evidence of any consideration to extend the written contract beyond one year.

■ The Court of Appeals may not set aside the judgment of the trial court arising after a trial by the court unless it is clearly erroneous, and, we will affirm the judgment of the trial court if it can be sustained by any legal theory supported by evidence. *Isler v. Isler*, (1981) Ind.App., 422 N.E.2d 416, *reh. den.* 425 N.E.2d 667.

At trial, only the Estelles presented evidence, disclosing that Gorbetts and Estelles had renegotiated the financing arrangement after one year, as the contract allowed. "The parties shall in good faith renegotiate the terms of payment" is clear and unambiguous language taken from the contract which allows the parties to continue the contract in force. As they point out in their brief, Estelles promised to make additional payments and pay additional interest charges. The Gorbetts accepted all monthly payments made after August, 1976; in fact, they accepted payments from the Estelles until they tendered the final payment on the contract in December, 1979, which Gorbetts refused to accept.

■ It hardly need be said that a promise is a valuable consideration in contract law. *Prell v. Trustees of Baird and Warner Mortgage and Realty Investors*, (1979) Ind.App., 386 N.E.2d 1221. Furthermore, the courts will not inquire into the adequacy of consideration. *Kincaid v. Lazar*, (1980) Ind.App., 405 N.E.2d 615; *Cook v. American States Insurance Company*, (1971) 150 Ind.App. 88, 275 N.E.2d 832. Parties may mutually modify contractual undertakings, *Connersville Country Club v. F. N. Bunzendahl, Inc.*, (1966) 140 Ind.App. 215, 222 N.E.2d 417. It is not always necessary to prove a written or oral modification of a contract because modification of a contract can be implied from the conduct of the parties. *Bunzendahl, supra.*

■ In the case at bar, it is quite clear that the parties have, for valuable consideration, modified the contract through renegotiation. The decision of the trial court is not contrary to law.

Next, the Gorbetts assail certain findings of fact as unsupported by the evidence. Briefly, the challenged findings were: 1) that all payments were current as of December, 1979, 2) that the Estelles have performed all material conditions of the contract, and 3) that the Estelles tendered the balance on the contract to the Clerk's office of the Jackson Circuit Court.

■ In reviewing findings of fact made by the trial court, the Court of Appeals will neither weigh the evidence nor judge the credibility of witnesses. *Indiana Industries,*

*Inc. v. Wedge Products, Inc.,* (1982) Ind. App., 430 N.E.2d 419. We will disturb the trial court's findings of fact only when they are clearly erroneous. The findings will stand unless the record discloses no facts nor inferences therefrom which support those findings. *Indiana Industries, Inc., supra.*

■ It is true that Estelles were unable to make some monthly payments on time. However, the Estelles later tendered the overdue payments which Gorbetts accepted without objection. Where a party by his own indulgence has accepted late payments, he has waived the right to terminate a contract which provides that the time of payment is of the essence. *Rembold Motors, Inc. v. Bonfield,* (1973) 155 Ind.App. 422, 293 N.E.2d 210. *See Unishops, Inc. v. May's Family Centers, Inc.,* (1980) Ind.App., 399 N.E.2d 760; *Mortgage Underwriters, Inc. v. Stuckey,* (1940) 108 Ind.App. 83, 27 N.E.2d 111; *Cook and Bernheimer Company v. Hagedorn,* (1921) 82 Ind.App. 444, 131 N.E. 788.

■ In view of the Gorbetts' consistent acceptance of late payments by Estelles, the Gorbetts have waived the provision in the contract allowing for termination of the contract and forfeiture of the real estate upon the Estelles' failure to make a monthly payment within sixty days. The Gorbetts would be required to give the Estelles personal notice that all future payments must be timely made before Gorbetts could invoke forfeiture of the contract. However, as our Supreme Court stated in *Skendzel v. Marshall,* (1973) 261 Ind. 226, 301 N.E.2d 641:

"Guided by the above principles, we are compelled to conclude that judicial foreclosure of a land sale contract is in consonance with the notions of equity developed in American jurisprudence. A forfeiture—like a strict foreclosure at common law—is often offensive to our concepts of justice and inimical to the principles of equity. This is not to suggest that a forfeiture is an inappropriate remedy for the breach of *all* land contracts. In the case of an abandoning, absconding vendee, forfeiture is a logical and equitable remedy. Forfeiture would also be appropriate where the vendee has paid a minimal amount on the contract at the time of default and seeks to retain possession while the vendor is paying taxes, insurance, and other upkeep in order to preserve the premises. Of course, in this latter situation, the vendee will have acquired very little, if any, equity in the property. However, a court of equity must always approach forfeitures with great caution, being forever aware of the possibility of inequitable dispossession of property and exorbitant monetary loss. We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consonant with notions of fairness and justice under the law."

261 Ind. at 240–41, 301 N.E.2d 641. The court in *Skendzel* also stated that a vendor's interest clearly constitutes a lien on the real estate and the basic foreclosure statute is his remedy.

■ In the case at bar, the Estelles, as we discuss more fully below, have tendered to the Gorbetts the balance due on the contract, which sum represents all that the Gorbetts could lawfully obtain from Estelles through foreclosure proceedings. In view of *Skendzel* and the particular facts of the instant case, forfeiture is out of the question since the Estelles have tendered the final amount due on the contract.

■ Lastly, the Gorbetts attack the balance due on the contract, as reflected in the trial court's finding, of $993.34. The evidence presented by the Estelles disclosed that certain receipts and payment slips had been lost or misplaced; however, all payments to the Gorbetts were current at the time of trial. The Estelles further testified that the sum $993.34 represented the correct balance due on the contract. The Gorbetts did not present any evidence whatsoever. The evidence supports the trial court's finding that $993.34 is the balance due on the contract.

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.