Earl R. HAMLIN and Gertrude Hamlin,
Appellants–Plaintiffs,

v.

Michael W. STEWARD and Jane L.
Steward, Appellees–Defendants.

No. 28A01–9302–CV–41.

Court of Appeals of Indiana,
First District.

Oct. 20, 1993.

Robert C. Price, Price & Runnells, Bloomington, for appellants-plaintiffs.

David N. Powell, Worthington, for appellees-defendants.

NAJAM, Judge.

### STATEMENT OF THE CASE

Earl and Gertrude Hamlin ("Hamlins") appeal from a judgment which denied them recovery on a $12,230.00 promissory note ("Note") executed by Jane and Michael Steward ("Stewards") and on another $8,000.00 loan ("Loan") which the Hamlins made to the Stewards. At trial the Stewards maintained that the Hamlins waived their right to installment payments on the Note and had agreed instead that the Stewards could pay the Note in full upon sale of their motel, a condition precedent which had not yet occurred. The Stewards also contended at trial that the Hamlins had

forgiven the Loan. We affirm in part and reverse in part with instructions.

### ISSUES

We consider the following issues on appeal:

1. Whether the Hamlins were entitled to judgment on the Stewards' Note or whether the Note had not yet matured.

2. Whether the Hamlins were entitled to judgment on their Loan to the Stewards or whether the Loan had been forgiven.

### FACTS

In 1985, Jane and Michael Steward borrowed $15,000.00 from Jane's grandparents, Earl and Gertrude Hamlin, to remodel the Stewards' motel in Worthington, Indiana. When the Hamlins made this loan, they understood that the Stewards were remodeling the motel with the intent to sell it. The Hamlins expected that the Stewards would repay the loan in full when they sold the motel.

The Stewards made several payments, and on January 1, 1988, they executed a Note payable to the Hamlins for the unpaid balance of $12,230.00. In May or June of 1988, the Stewards sold their motel on contract to Jim and Brenda Yoo ("Yoos"). When the Yoos paid the Stewards a $7,000 downpayment on the contract, Gertrude asked the Stewards whether they could apply the downpayment as a partial payment on the Note. However, the Stewards told Gertrude that they needed the downpayment for another purpose. On September 1, 1988, the Hamlins and the Stewards agreed that the Note would be paid according to an amortization schedule which provided for ten annual payments of principal and interest. Under the schedule, the first annual payment was due in September, 1989.

The Yoos subsequently defaulted on the contract and abandoned the motel. According to Michael, when the Stewards were unable to make the first annual payment, Gertrude agreed to forbear from collecting installments and told Michael that the Stewards could pay the Note in full in a

single payment when they sold the motel a second time. Gertrude denied having made any such agreement. After the Stewards had obtained a judgment against the Yoos, Gertrude again asked Michael for a partial payment on the Note, but Michael replied that he would have no money until he collected on the judgment. When the Hamlins filed suit on the Note in December, 1991, the Stewards had not made annual installment payments in 1989, 1990 and 1991.

The Hamlins also filed suit to collect on the $8,000.00 Loan that Earl made to Michael on February 9, 1989. The Stewards did not repay the Loan. The Stewards contend, and the Hamlins deny, that the Loan was forgiven.

### DISCUSSION AND DECISION

#### Standard of Review

The Hamlins appeal from a general judgment. On appeal, a general judgment will be sustained upon any theory consistent with the evidence, and we will neither reweigh the evidence nor judge the credibility of the witnesses. *Darlage v. Drummond* (1991), Ind.App., 576 N.E.2d 1303, 1307. In reviewing the judgment, we consider the evidence most favorable to the appellee and will reverse only if the evidence entitles the appellant to a finding in his favor as a matter of law. *Lyon Metal Products, Inc. v. Hagerman Construction Corp.* (1979), 181 Ind.App. 336, 341, 391 N.E.2d 1152, 1156. Further, because the Hamlins also appeal from a negative judgment, in order to prevail they must show that the uncontradicted evidence leads to one conclusion and that the trial court reached the opposite conclusion. *See Voss v. Lynd* (1992), Ind.App., 583 N.E.2d 1239, 1241.

#### Issue One: Promissory Note

We begin by addressing two preliminary questions. First, the Hamlins contend that the Note from the Stewards is a demand note. We agree that the Note was originally executed as a demand note. However, the Hamlins alleged in their com-plaint, and the Stewards admitted in their answer, that the parties agreed to modify the Note by adopting an amortization schedule which provided for annual payments of principal and interest. Thus, the agreement of the parties to amortize payments converted the original demand note into an installment note, and the Note lost its demand feature. We conclude that the Note became an installment note.

We next consider the Stewards contention that the Hamlins waived their right to demand installment payments on the Note. The Steward's argument has two parts. They contend that when the first annual installment payment became due, Gertrude Hamlin told Michael Steward that the Stewards could repay the Note when they sold the motel. The Stewards also contend that after they had acted upon Gertrude's representation and did not make installment payments, the Hamlins were precluded from maintaining a breach of contract claim. They cite authority which holds that, "[O]nce a contract condition has been waived and the waiver has been acted upon, the failure to perform the condition cannot be the basis for breach of the contract." *Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 348, *trans. denied.*

The existence of waiver may be implied from the acts, omissions or conduct of one of the parties to the contract. *Lindsey*, 444 N.E.2d at 348; *Salem Community School Corporation v. Richman* (1980), Ind.App., 406 N.E.2d 269, 274, *trans. denied.* The Stewards assert that by their conduct the Hamlins waived their right to collect the Note until the motel is sold, but the Stewards' reliance upon the doctrine of waiver is misplaced. Waiver has been often defined as the intentional relinquishment of a known right. *See Dravet v. Vernon Fire and Casualty Insurance Co.* (1983), Ind.App., 454 N.E.2d 440, 442. However, in this instance the Stewards contend not only that the Hamlins intentionally relinquished their right to collect installment payments but also that the Hamlins agreed to accept instead a single, lump-sum payment on the Note when the Stewards

sold the motel. These contentions establish that the question presented at trial and now on appeal is not simply whether a waiver occurred but whether the parties agreed to modify the payment terms of the Note.

### A. Oral Modification

 Accepting as we must the facts most favorable to the judgment, when Gertrude Hamlin stated that the Stewards would not be required to pay the Note until they sold the motel, she acted with the apparent authority of her husband, Earl, and agreed to an oral modification of the Note. This modification created a condition precedent and qualified the Stewards' duty to pay the Note. A condition precedent is either a condition which must be satisfied before an agreement becomes enforceable or a condition which must be fulfilled before the duty to perform an already existing contract arises. *See Sand Creek Country Club v. CSO Architects* (1991), Ind.App., 582 N.E.2d 872, 875. The Stewards contend, and we agree, that the Hamlins made an oral agreement to modify the Note which extended the time and manner of payment, subject to the occurrence of a new condition, sale of the motel. In response, the Hamlins maintain that there was no consideration for this oral modification of the Note.[1] We conclude that there was valid consideration for the parties' oral modification of the Note and creation of the condition precedent.

 The modification of a contract, since it is also a contract, requires all the requisite elements of a contract. *See Burras v. Canal Construction and Design Co.* (1984), Ind.App., 470 N.E.2d 1362, 1366. A written agreement may be changed by a subsequent one orally made, upon a sufficient consideration. *Purity Maid Prod-*

ucts Co. v. American Bank & Trust Co. (1938), 105 Ind.App. 541, 545, 14 N.E.2d 755, 759, *trans. denied.* "To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee." *A & S Corp. v. Midwest Commerce Banking Co.* (1988), Ind.App., 525 N.E.2d 1290, 1292. In other words, consideration consists of a "bargained for exchange." *Burdsall v. City of Elwood* (1983), Ind.App., 454 N.E.2d 434, 436. A promise is also valuable consideration, and an exchange of mutual promises is consideration which supports modification of a contract. *Gorbett v. Estelle* (1982), Ind. App., 438 N.E.2d 766, 768, *trans. denied;* E. Allen Farnsworth, *Contracts* § 2.3, at 43 (1982).

We are not persuaded by the Hamlins' contention that even if Gertrude did offer to modify the Note, her offer was gratuitous, a mere promise unsupported by consideration or its equivalent. When the Stewards announced they were unable to make the first installment payment, and the Hamlins agreed to forbear from demanding payment and collection, the Stewards made a new promise to pay the Note in full when the motel was sold. This new promise was sufficient consideration for the oral modification.

 We do not inquire into the adequacy of consideration. *Gorbett,* 438 N.E.2d at 768. We have explained our deference to the parties when consideration becomes an issue, as follows:

"The doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it or may be a benefit, however slight, to the party at whose request it is performed, is legal consideration for a promise by such requesting party. When the thing agreed upon has

---

**1.** If there were a lack of consideration to support the oral modification, and the condition precedent were invalid, the Hamlins would still not have a claim for the entire unpaid balance of the Note. This is true because when the parties modified the demand note to provide for installment payments, the modification did not include an acceleration clause allowing the Hamlins to collect the entire balance due on the

Note in the event the Stewards should default in making a payment. Absent an acceleration clause, a cause of action accrues and the statute of limitations begins to run on an installment obligation when and as each installment becomes due. *See Griese–Traylor Corp. v. Lemmons* (1981), Ind.App., 424 N.E.2d 173, 183, *trans. denied* (citing *Kuhn v. Kuhn* (1980), 273 Ind. 67, 71–72, 402 N.E.2d 989, 992).

no determined value, the judgment of the parties as to its sufficiency will not be disturbed by the court."

*Harrison–Floyd Farm Bureau Cooperative Assn., Inc. v. Reed* (1989), Ind.App., 546 N.E.2d 855, 857. Whatever the value of the Stewards' promise to satisfy the Note when they sold the motel, the promise of a single, lump sum payment in lieu of installments payable over a period of ten years had value to the Hamlins and, therefore, constituted valid consideration.[2]

### B. Effect of Condition Precedent

Having determined that the oral modification of the Note is enforceable, we must next decide what legal effect the new condition that the motel be sold has on the timing of the Stewards' obligation to pay the Note.

 A condition is an event which qualifies a duty under an existing contract. *See Restatement (Second) of Contracts* § 224, at 160 (1981). However, it is the rule in Indiana that "a party may not rely on the failure of a condition precedent to excuse performance where that party's action or inaction caused the condition to be unfulfilled." *Kokomo Veterans, Inc. v. Schick* (1982), Ind.App., 439 N.E.2d 639, 645, *trans. denied* (citing *Billman v. Hensel* (1979), 181 Ind.App. 272, 275, 391 N.E.2d 671, 673). Where a debt exists and payment is postponed until the occurrence of a contingency which does not happen, the law requires that payment be made within a reasonable time. *See Prell v. Trustees of Baird & Warner Mortgage and Realty* (1979), 179 Ind.App. 642, 651, 386 N.E.2d 1221, 1228, *trans. denied.* Thus, while the Stewards retain exclusive control over when the condition will be fulfilled, they do not have an unlimited time within which to satisfy the condition before the Note becomes due.

 The Stewards also have an implied obligation to make a reasonable and good faith effort to satisfy the condition. *See Beck v. Mason* (1991), Ind.App., 580 N.E.2d 290, 292. A good faith effort is defined as what a reasonable person would determine is a diligent and honest effort under the same set of facts or circumstances. *Universal C.I.T. Credit Corporation v. Shepler* (1975), 164 Ind.App. 516, 520–21, 329 N.E.2d 620, 623–24.

 What constitutes a reasonable time under the circumstances is a question of fact. *Bond v. Peabody Coal Co.* (1983), Ind.App., 450 N.E.2d 542, 549. Likewise, what constitutes a reasonable and good faith effort is a question of fact. *See Shepler,* 164 Ind.App. at 520–21, 329 N.E.2d at 623. We do not decide questions of fact on appeal. However, as a matter of law, the existence of the condition here does not mean that the Note is not due unless the Stewards sell the motel. The condition is not unqualified. The debt is owed, and the Stewards have assumed a collateral, implied duty to satisfy the condition and to make a reasonable and good faith effort to pay the Note within a reasonable time.

We do not hold that a general duty of good faith and reasonableness is implied in every contract. *See First Federal Savings Bank v. Key Markets* (1990), Ind., 559 N.E.2d 600, 604. Indiana has not adopted the *Restatement (Second) of Contracts* provision that, "[E]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Id.* at 605; *Restatement (Second)*

---

**2.** Even assuming there were no consideration to support the oral modification of the contract, the oral modification is enforceable under the doctrine of promissory estoppel. "The doctrine of promissory estoppel can act as a substitute for lack of consideration or lack of mutuality." *First National Bank v. Logan Manufacturing Co.* (1991), Ind., 577 N.E.2d 949, 954. Promissory estoppel applies "where there is a promise upon which the promisor could reasonably expect to induce action or forbearance of a definite and substantial character which does in fact induce such action or forbearance and injustice can only be avoided by enforcement of the promise." *Medtech Corporation v. Indiana Insurance Co.* (1990), Ind.App., 555 N.E.2d 844, 847. When the Hamlins agreed to forbear from collecting the Note until the Stewards had sold the motel, the Stewards changed their plans in reliance upon that promise by not making annual payments on the Note, and the Hamlins are estopped from claiming that the oral modification is unenforceable.

*of Contracts*, § 205 (1986). In this case, we must infer good faith in the performance of the condition in order to give meaning to the intention of the parties. *See Coleman v. Chapman* (1966), 139 Ind. App. 385, 391, 220 N.E.2d 285, 289. The underlying debt is owed, and the only issue is when the Note is due. Thus, good faith is implied because fulfillment of the condition rests with the promisor, and without good faith, the mere promise to pay the Note subject to a condition precedent to be performed by the promisor would be an illusory promise.

We are unable to discern from the record whether the trial court considered fulfillment of the condition to be an unqualified prerequisite to a judgment for the Hamlins on the unpaid Note. When this case was tried, the motel had not been sold, and if that remains true, the Stewards have now had some four years since the Note was modified to sell the motel.

Accordingly, we reverse and remand to the trial court for a determination whether the Stewards have made a reasonable and good faith effort, and have had a reasonable time under the circumstances, to fulfill the condition. If the trial court determines that the Stewards have made a reasonable and good faith effort or that they have not yet had a reasonable time to sell the motel, then the judgment is affirmed on this issue, although we note that the Hamlins are not barred by *res judicata* from bringing another action to collect the Note once more time has passed. If, however, the trial court determines that the Stewards have not made a reasonable and good faith effort, or determines that four years is a reasonable time to sell the motel, then the Stewards are in breach of their promise to fulfill the condition, and we direct the court to enter judgment for the Hamlins on the entire balance of the Note.

### *Issue Two: $8,000.00 Loan*

The Hamlins contend that the $8,000.00 Loan made by means of a check which Earl issued to Michael on February 9, 1989, was not forgiven, even though it was not evidenced by a promissory note.

The Stewards assert that the Loan was later discussed and that the Hamlins expressly forgave the Loan.

The trial court declined to award the Hamlins a judgment on the Loan, and we conclude that the court found as a matter of fact that the Loan was forgiven. The Hamlins invite us to reweigh the evidence on this issue and to decide which testimony is most credible. We decline that invitation. While the evidence is not compelling, there is sufficient evidence from which the trial court could infer that the Hamlins forgave the Loan to Michael. The absence of a promissory note indicating the Stewards' obligation to repay the Loan supports that inference. Likewise, the course of dealing between the parties indicates that the Hamlins made a number of gifts to the Stewards by check and also that where a loan was intended, transactions were often evidenced by promissory notes and amortization schedules. Finally, the check in question was signed by Earl, and there is no testimony or other evidence in the record from Earl concerning his intent as the maker. Thus, we affirm the trial court's general judgment on this issue.

The judgment is reversed and remanded with instructions on *Issue One*, and the judgment is affirmed on *Issue Two*.

BAKER and FRIEDLANDER, JJ., concur.