Mark HINKEL, Appellant–Plaintiff,

v.

SATARIA DISTRIBUTION & PACKAGING, INC., Appellee–Defendant.

No. 49A04–0908–CV–473.

Court of Appeals of Indiana.

Feb. 1, 2010.

Geoffrey S. Lohman, Fillenwarth Dennerline Groth & Towe, LLP, Indianapolis, IN, Attorney for Appellant.

Brian G. Nuedling, Constangy Brooks & Smith, LLP, Milwaukee, WI, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

The appellant, Mark Hinkel, was hired to work for the appellee, Sataria Distribution and Packaging, Inc. ("Sataria"). Hinkel was allegedly promised a year's worth of salary and insurance coverage if he were ever terminated involuntarily, but his written employment contract did not provide for severance pay or post-employment benefits. Hinkel was soon terminated, and he did not receive the severance package he says he was promised. Hinkel sued for breach of contract and/or promissory estoppel. The trial court entered summary judgment in favor of Sataria. We hold that (1) Hinkel's written employment contract is a completely integrated agreement which precludes consideration of any prior or contemporaneous oral promises, (2) to the extent the severance agreements were made after the execution of the written contract, they were not supported by additional consideration, and (3) Hinkel is unable to sustain his claim of promissory estoppel. We affirm.

### Facts and Procedural History

Hinkel was employed by Refractory Engineers, Inc. and Ceramic Technology, Inc. John Jacobs was the owner of Sataria. In late August or September 2005, Hinkel

and Jacobs met to discuss working together. Jacobs offered Hinkel a job at Sataria. Hinkel had reservations. Jacobs told him, "Mark, are you worried that I'll f* * * you? If so, and things don't work, I'll pay you one (1) year's salary and cover your insurance for the one (1) year as well. But let me make it clear, should you decide this is not for you, and you terminate your own employment, then the agreement is off." Appellant's App. p. 12–13. Jacobs later sent Hinkel the following written job offer:

Dear Mark,

This is written as an offer of employment. The terms are as described below:

| | | |
|---|---|---|
| 1. | Annual Compensation: | $120,000 |
| 2. | Work Location: | Belmont Facility |
| 3. | Initial Position: | Supervisor Receiving Team |
| 4. | Start Date: | 08/19/2005 |
| 5. | Paid Vacation: | To be determined |
| 6. | Health Insurance: | Coverage begins 09/01/2005 pending proper Enrollment submission |

Please sign and return.

*Id.* at 77. Hinkel signed the offer and resigned from his other employers. He began working at Sataria in September 2005. According to Hinkel, Jacobs reiterated the severance promise again in November 2005 and December 2005.

Sataria terminated Hinkel's employment involuntarily on January 23, 2006. Sataria paid Hinkel six weeks of severance thereafter. Hinkel brought this action for breach of contract and/or promissory estoppel against Sataria. He claimed that Sataria owed him the severance package that Jacobs promised. Sataria moved for summary judgment. The trial court granted Sataria's motion. Hinkel now appeals.

**Discussion and Decision**

The law of summary judgment is well established. The purpose of summary judgment under Indiana Trial Rule 56 is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bushong v. Williamson,* 790 N.E.2d 467, 474 (Ind. 2003). On appeal, our standard of review is the same as that of the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Riverside Cmty. Corrs. Corp.,* 846 N.E.2d 738, 743 (Ind.Ct.App. 2006), *tran. denied.* We construe all facts and reasonable inferences drawn from those facts in favor of the nonmoving party. *Id.* On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity. *Sizemore v. Erie Ins. Exch.,* 789 N.E.2d 1037, 1038 (Ind.Ct.App.2003). A party appealing from an order granting summary judgment has the burden of persuading the appellate tribunal that the decision was erroneous. *Id.* at 1038–39. However, where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. *Crum v. City of Terre Haute ex rel. Dep't of Redev.,* 812 N.E.2d 164, 166 (Ind.Ct. App.2004).

**I. Breach of Contract Claim**

According to Hinkel, Jacobs orally promised him a year's salary and insurance coverage if he were ever involuntarily terminated. Sataria argues that any alleged oral promises are barred from consideration by the parol evidence rule.

The parol evidence rule provides that "[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence ... of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *Dicen v. New Sesco, Inc.,* 839 N.E.2d 684, 688 (Ind.2005) (quoting 6 Ar-

thur Linton Corbin, Corbin on Contracts § 573 (2002 reprint)) (emphasis removed). This rule "effectuates a presumption that a subsequent written contract is of a higher nature than earlier statements, negotiations, or oral agreements by deeming those earlier expressions to be merged in to or superseded by the written document." 11 Richard A. Lord, *Williston on Contracts* § 33:1 (4th ed.1999) (footnote omitted).

■■■ The first step when applying the parol evidence rule is determining whether the parties' written contract represents a complete or partial integration of their agreement. *See* Restatement (Second) of Contracts §§ 209, 210 (1981). If the contract is completely integrated, constituting a final and complete expression of all the parties' agreements, then evidence of prior or contemporaneous written or oral statements and negotiations cannot operate to either add to or contradict the written contract. *Franklin v. White,* 493 N.E.2d 161, 167 (Ind.1986). The preliminary question of integration, either complete or partial, requires the court to hear all relevant evidence, parol or written. *Id.* "Whether a writing has been adopted as an integrated agreement is a question of fact to be determined in accordance with all relevant evidence." Restatement (Second) of Contracts §§ 209 cmt. c. Nevertheless, what is ordinarily a question of fact may become a question of law "where the facts are undisputed and only a single inference can be drawn from those facts." *Jones v. Ind. Bell Tel. Co.,* 864 N.E.2d 1125, 1127 (Ind.Ct.App.2007) (breach of duty); *see also Hamilton v. Ashton,* 846 N.E.2d 309, 316 (Ind.Ct.App.2006) (proximate cause), *clarified on reh'g,* 850 N.E.2d 466, *trans. denied.* "[T]he absence of an integration clause is not conclusive as to whether parties intend a writing to be completely integrated." *Sees v. Bank One,*

*Ind., N.A.,* 839 N.E.2d 154, 163 n. 7 (Ind. 2005) (Boehm, J., concurring and dissenting) (citing Restatement (Second) of Contracts § 209 cmt. b).

In addition,

> The test of [parol evidence] admissibility is much affected by the inherent likelihood that parties who contract under the circumstances in question would simultaneously make both the agreement in writing which is before the court, and also the alleged parol agreement. The point is not merely whether the court is convinced that the parties before it did in fact do this, but whether reasonable parties so situated naturally would or might obviously or normally do so. . . . The vast majority of courts assessing the admissibility of parol evidence at common law apply this test. This test is commonly known by the adverbs used by the courts which apply it, and might be variously called the "naturally" test, the "naturally and normally" test, the "ordinarily" test, or any of a host of words used by the courts to indicate that parties similarly situated might reasonably have believed it appropriate to keep the two agreements separate. Moreover the test can be stated in the affirmative or the negative; either way the key question is the same. Thus, one way to ask the question is whether the nature of the collateral agreement was such that, if the parties had agreed to it, they would naturally have included it in their writing. Asked in this way, if the answer is that they would have, and they did not, they engaged in "unnatural" behavior, and evidence of the alleged agreement is inadmissible.

11 *Williston on Contracts* § 33:25 (footnotes omitted); *see also Steinke v. Sungard Fin. Sys., Inc.,* 121 F.3d 763, 770 (1st Cir.1997) ("In determining whether an agreement is integrated, a court must

compare both the alleged oral and written agreements and must determine whether the parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If the alleged oral and written agreements relate to the same subject matter and are so interrelated that both would be executed at the same time and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. In such case, parol evidence to vary, modify or supersede the written contract is inadmissible in evidence." (citations and quotations omitted)).

Here, Jacobs and Hinkel negotiated the terms of Hinkel's employment before completing their written contract. Jacobs allegedly promised Hinkel that he would receive one year of salary and benefits if he were ever terminated involuntarily. The parties then executed their written agreement. The written employment offer specified Hinkel's compensation, work location, title, start date, and the date on which his insurance coverage would begin. It did not provide that Hinkel would receive severance pay or benefits following termination. Hinkel signed the letter and began working at Sataria. In light of all the relevant evidence, we find as a matter of law that Hinkel's contract represented a complete integration of the parties' employment agreement. Jacobs allegedly promised Hinkel a severance package, but the written contract enumerates both compensation and insurance coverage while saying nothing of post-employment salary and/or benefits. The offer leaves one term to be decided—paid vacation—but the contract imports on its face to be a complete expression with respect to salary and insurance. And since a lucrative severance provision would "naturally and normally" be included in an employment contract, its glaring omission here further supports the conclusion that Hinkel's written contract

superseded any alleged prior oral promises. We hold that the written contract constituted a final representation of the parties' agreement, and any contemporaneous oral agreements that the parties made as to severance are not subject to interpretation.

 To the extent Jacobs may have promised Hinkel a severance package after their written contract was executed, an additional question is whether Jacobs's promise could have constituted a valid contract modification. "The modification of a contract, since it is also a contract, requires all the requisite elements of a contract." *Hamlin v. Steward*, 622 N.E.2d 535, 539 (Ind.Ct.App.1993). "A written agreement may be changed by a subsequent one orally made, upon a sufficient consideration." *Id.* Consideration consists of either a benefit to the promisor or a detriment to the promisee. *Id.* In other words, consideration requires a bargained-for exchange. *Id.* A promise is also valuable consideration, and an exchange of mutual promises is consideration which supports modification of a contract. *Id.*

Here, if Jacobs promised Hinkel a severance package after the written employment contract was executed, there is no evidence that Hinkel provided additional consideration in exchange for the promise. Hinkel argues that he had to agree "to continue working for Sataria" and "to not *voluntarily* resign his employment." Appellant's Br. p. 15. But Hinkel had assumed those duties and employment obligations as consideration for the original agreement. *See Buschman v. ADS Corp.*, 782 N.E.2d 423, 430 (Ind.Ct.App.2003) ("Buschman's work at ADS was the consideration for ADS's offer embodied in the Second Offer Letter and is not new consideration."). Any subsequent promise by Jacobs respecting severance was not sup-

ported by an independent, bargained-for exchange. Accordingly, Jacobs's alleged oral promises could not have constituted valid modifications of Hinkel's employment contract.

For the foregoing reasons, Hinkel has failed to raise a genuine issue of material fact on his breach of contract claim, and the trial court properly granted summary judgment in favor of Sataria.

## II. Promissory Estoppel Claim

 Hinkel has also alleged promissory estoppel as a basis for recovery in this case. The doctrine of promissory estoppel provides that a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise." Restatement (Second) of Contracts § 90(1); *accord Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.,* 644 N.E.2d 118, 121 (Ind.1994). Promissory estoppel permits recovery where no contract in fact exists. *Ind. Bureau of Motor Vehicles v. Ash, Inc.,* 895 N.E.2d 359, 367 (Ind.Ct.App. 2008), *reh'g denied.* The elements of promissory estoppel are: (1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Brown v. Branch,* 758 N.E.2d 48, 52 (Ind.2001). An employee may invoke the doctrine of promissory estoppel in certain instances. *Coutee v. Lafayette Neighborhood Hous. Servs., Inc.,* 792 N.E.2d 907, 911 (Ind.Ct.App.2003). To do so, the employee must assert and demonstrate that the employer made a promise to the employee, that the employee relied on that promise to his detriment, and that the promise otherwise fits within the Restatement test for promissory estoppel. *Id.*

Hinkel claims that Jacobs's severance promise induced him to leave his previous employers and "giv[e] up the security associated therewith." Appellant's Br. p. 17. But Hinkel was provided with a period of employment at Sataria, a substantial salary, and six weeks of severance. Hinkel has not shown an injury so independent and severe that injustice could only be avoided by enforcement of Jacobs's alleged promise. *See Whiteco Indus., Inc. v. Kopani,* 514 N.E.2d 840, 845 (Ind.Ct.App. 1987). He has therefore failed to establish a genuine issue of material fact on his promissory estoppel theory, and the trial court properly entered summary judgment in favor of Sataria on this claim as well.

Affirmed.

RILEY, J., concurs.

CRONE, J., dissents with separate opinion.

CRONE, Judge, dissenting.

I respectfully dissent because I disagree with the majority's conclusion that Jacobs's oral promise to Hinkel regarding a severance package is "barred from consideration by the parol evidence rule." Op. at 768. I do so for two reasons.

First, I believe that a genuine issue of material fact exists regarding whether the parties intended for Jacobs's written job offer to Hinkel to be completely integrated, i.e., a "final and complete expression of *all* the parties' agreements[.]" *Id.* at 769 (emphasis added).[1] Although not conclu-

---

1. The majority concedes that the offer "leaves one term to be decided" but paradoxically concludes that it "constituted a final representation of the parties' agreement[.]" Op. at 770. I fail to see how a contract can be

sive, the offer—a one-page document with six bullet points for a position paying $120,000 per year—does not contain an integration clause. More persuasive is its statement that Hinkel's vacation terms were yet to be determined, which indicates to me that the parties had not yet reached agreement on that issue. Based on the foregoing, a factfinder reasonably could conclude that the offer is more akin to a memorandum of understanding and represents only a partial integration of the parties' agreements, and that therefore the parol evidence rule would not apply to bar consideration of Jacobs's oral promise regarding the severance package.

Second, the terms of the severance package do not vary from or contradict the terms of the written offer, but merely cover that which was not covered in the offer.[2] As such, even assuming that the offer is completely integrated, the terms of the severance package would not be barred by the parol evidence rule. *See Malo v. Gilman,* 177 Ind.App. 365, 368, 379 N.E.2d 554, 557 and n. 5 (1978) ("[P]arol evidence may be admitted to supply an omission in the terms of the contract.... Using parol evidence to supply an omission will not modify the written agreement, but merely adds to it."). Therefore, I would reverse the trial court's grant of summary judgment in favor of Sataria and remand for further proceedings.

completely integrated if it expressly defers agreement on a particular issue.

2. The record before us contains no designated evidence contradicting Hinkel's assertion that

Jacobs promised him "a year's worth of salary and insurance coverage if he were ever terminated involuntarily[.]" Op. at 767.