## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2017, 5:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert T. Garwood
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Patrick C. Thomas
Matthew D. Malcolm
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeff Nelson,

*Appellant-Defendant,*

v.

Deaconess Hospital, Inc.,

*Appellee-Plaintiff*

August 24, 2017

Court of Appeals Case No.
82A01-1611-CC-2690

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Tornatta, Judge

Trial Court Cause No.
82D06-1506-CC-3030

**Altice, Judge.**

## Case Summary

[1] Jeff Nelson appeals from the trial court's entry of judgment against him in favor of Deaconess Hospital, Inc. (Deaconess) on its action to collect outstanding

medical bills. On appeal, Nelson argues that the trial court's judgment was clearly erroneous.

[2] We affirm.

## Facts & Procedural History

[3] Nelson received emergency medical services at Deaconess on July 20, 2010. Nelson had medical coverage through Pekin Insurance (Pekin) at that time, but he did not provide his insurance information to Deaconess. Upon his admission to the hospital, Nelson signed a Financial Responsibility Form (FRF) in which he agreed to be responsible for the costs associated with his hospitalization. The FRF also contained the following language:

> If you have active insurance coverage, we will bill your insurance company. It is the patient's responsibility to understand his/her insurance coverage. You will receive a monthly statement if your account has a patient due balance. Payment of deductibles, non-covered services and co-payments are the patient's responsibility.

*Appellant's Appendix Vol. 3* at 7. Nelson also signed a Consent for Medical Treatment form (Consent), which listed his rights and responsibilities as a patient. Among the responsibilities listed was that Nelson would "assure that financial obligations are fulfilled as promptly as possible." *Id.* at 10.

[4] Following Nelson's discharge, Deaconess billed him separately for each of the four services he received. Because Deaconess had not been provided with Nelson's insurance information, it did not bill Pekin for any portion of those

expenses. Instead, Deaconess sent Nelson a total of eight invoices (two for each service he received), each of which instructed Nelson to check a box if his insurance information had changed and indicate such changes on the reverse side. All of the invoices listed an insurance balance of zero.

[5] Deaconess received neither payment nor insurance information from Nelson, so it forwarded the accounts to its extended billing office, Complete Billing Services (CBS). CBS mailed Nelson multiple letters demanding payment on Deaconess's behalf. Nelson received letters from CBS but claims that he questioned their legitimacy. When a CBS representative contacted Nelson by phone, Nelson refused to verify his information. Despite CBS's repeated requests for payment, Nelson did not contact Deaconess to determine whether CBS was authorized to act on its behalf. When CBS was unsuccessful in collecting payment from Nelson, the accounts were assigned to a collection agency, which also mailed letters to Nelson and attempted to telephone him regarding the balances due. All collection efforts were unsuccessful.

[6] Deaconess filed its complaint for unpaid medical bills against Nelson on July 27, 2015. A bench trial was held on October 27, 2016, at the conclusion of which the trial court found in Deaconess's favor and entered judgment against Nelson in the amount of $9,250.00. Nelson now appeals.

## Discussion & Decision

[7] Although the parties did not request special findings and conclusions thereon pursuant to Ind. Trial Rule 52(A), the trial court *sua sponte* made limited oral

findings from the bench. *See Nunn Law Office v. Rosenthal*, 905 N.E.2d 513, 517-18 (Ind. Ct. App. 2009) (holding that oral findings and conclusions may suffice for the purposes of T.R. 52(A)). Pursuant to T.R. 52(A), we "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Further, where, as here, the trial court enters findings *sua sponte*, "the specific findings control only as to the issues they cover, while a general judgment standard applies to any issues upon which the court has not made findings." *In re Estate of Hannebaum*, 999 N.E.2d 972, 973-74 (Ind. Ct. App. 2013). A general judgment may be affirmed on any theory supported by the evidence presented at trial. *Kietzman v. Kietzman*, 992 N.E.2d 946, 948 (Ind. Ct. App. 2013).

[8] Nelson's appellate arguments are based on evidence unfavorable to the trial court's judgment.[1] Specifically, he argues that when he received one of the first invoices from Deaconess, he mailed the bill and his insurance information back to Deaconess. Nelson claims he received no further correspondence from Deaconess, and consequently believed the matter to be resolved. Nelson argues that Deaconess was obligated under the terms of the FRF to bill Pekin for the services he received, and that Deaconess's failure to do so within the time allotted under his Pekin insurance policy resulted in a loss of insurance coverage. In other words, Nelson argues that Deaconess was required to bill

---

[1] We remind Nelson's counsel of his duty under the appellate rules to recite the facts according to the applicable standard of review and to support factual assertions with citation to the record. *See* Ind. App. R. 22(C); Ind. App. R. 46(A)(5), (6), (8).

Pekin "[a]s a condition precedent to any financial responsibility" on Nelson's part, and that it breached the contract by failing to do so. *Appellant's Brief* at 10.

[9] Nelson fails to note, however, that a Deaconess representative testified that Deaconess never received Nelson's insurance information, and the trial court made no findings on this issue. Thus, the general judgment standard applies to this issue, and we are obliged to consider only the evidence favorable to Deaconess as the prevailing party and the reasonable inferences flowing therefrom. *See Bayh v. Sonnenburg*, 573 N.E.2d 398, 402 n.5 (Ind. 1991) (noting that in reviewing general judgments issued in civil cases tried to the bench, the appellate court does not reweigh the evidence or judge the credibility of witnesses, and considers only the evidence favorable to the prevailing party and the reasonable inferences to be drawn from it).

[10] Nelson agreed in the FRF to be responsible for the costs associated with his hospitalization, and the evidence and inferences favorable to the judgment establish that Nelson did not provide Deaconess with his insurance information despite its continued collection efforts. Thus, even if we assume it was solely Deaconess's responsibility under the FRF to see to it that Nelson's insurer was billed for the services Nelson received, Nelson prevented Deaconess from doing so. "[T]he common law of contracts excuses performance of one party where the other party wrongfully prevents that performance." *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 620 (Ind. Ct. App. 2000), *trans. denied*. *See also Hamlin v. Steward*, 622 N.E.2d 535, 540 (Ind. Ct. App. 1993) (explaining that "a party may not rely on the failure of a condition precedent to excuse

performance where that party's action or inaction caused the condition to be unfulfilled" (quoting *Kokomo Veterans, Inc. v. Schick*, 439 N.E.2d 639, 645 (Ind. Ct. App. 1982), *trans. denied*)). Because Nelson's failure to provide his insurance information made it impossible for Deaconess to bill Pekin, Nelson cannot escape liability for his medical bills on that basis. Furthermore, because we can affirm the trial court's judgment fully on this basis, we need not address the other specific arguments Nelson raises on appeal.

[11] Judgment affirmed.

[12] Kirsch, J. and Mathias, J., concur.