## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John E. Hughes
Andrew T. Shupp
Hoeppner Wagner & Evans, LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Rick C. Gikas
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobb Auto Group, LLC,

*Appellant-Defendant,*

v.

John Zembillas,

*Appellee-Plaintiff*

November 27, 2019

Court of Appeals Case No.
19A-PL-1511

Appeal from the Lake Superior
Court

The Honorable John R. Pera,
Judge

Trial Court Cause No.
45D10-1608-PL-80

**Baker, Judge.**

In August 2015, Bobb Auto Group, LLC (Bobb Auto), offered John Zembillas an Employment Agreement (the Agreement) to sign, promising that Zembillas would not be terminated without just cause and ensuring that, if Zembillas were terminated without just cause, he would receive a severance package. After new management fired Zembillas in March 2016, Bobb Auto failed to pay Zembillas his severance package. During the ensuing litigation, the trial court granted Zembillas's motion for summary judgment for breach of contract. Now, Bobb Auto appeals that order, arguing that there are genuine issues of material fact regarding consideration and mutuality of obligation. Finding no error, we affirm.

## Facts

Bobb Auto operates as a Chrysler dealership in Lake County. Art Georgion, Bobb Auto's president and general manager, hired Zembillas to be the dealership's advertising designer on March 11, 2013. Zembillas worked for Bobb Auto for two years before Georgion offered several of his key employees, including Zembillas, the Agreement to sign in August 2015.

The pertinent sections of the Agreement are as follows:

> WHEREAS – [Zembillas] is bound by all Bobb Auto Group, LLC Human Resources policies and procedures.
>
> WHEREAS – [Zembillas] has contributed to the success, growth, and profitability of the Company.
> WHEREAS – Company and [Zembillas] have determined that it is in their respective best interest to enter into this Agreement on the terms and conditions as set forth herein.

WHEREAS – Company recognizes that [Zembillas] (through his/her past and present efforts) has added substantial worth to the company.

WHEREAS – Company wishes to provide continued employment for [Zembillas], however, if for any reason other than those cited in Section 6, the Company chooses to terminate employment with [Zembillas], [Zembillas] shall receive compensation as outlined in Section 5.

***

1[.] EMPLOYMENT – [Bobb Auto] . . . does hereby employ [Zembillas] in the position of Advertising Designer. [Zembillas] has served in such capacity since March 11, 2013.

2. DUTIES – [Zembillas] performs all the duties of a[n] . . . Advertising Designer and agrees to be subject to the general supervision, orders, advice and direction of the President of the Company.

3. EXTENT OF SERVICES. Employee shall devote his/her energy and efforts to the performance of his/her duties and the furtherance of the interests of the Company for a minimum of 40 hours per week.

4. TERM – Subject to the provisions for termination . . . the initial term of employment of [Zembillas] under this Agreement shall be TWO (2) years from and after the Effective Date . . . and it shall then renew annually at the discretion of the COMPANY.

5. PAYMENT – In consideration of the services rendered to the Company hereunder by [Zembillas] and if the Company no longer wishes to employ [Zembillas] for any reason other than as described in Section 6, the Company shall pay [Zembillas] a lump sum amount equal to $48,600, less statutory deductions and withholdings, payable in accordance with the Company's regular payroll practices.

6. TERMINATION – This Agreement (except as otherwise provided hereunder) shall terminate upon the occurrence of any of the following at the time set forth therefore . . . :

6.1 DEATH OR DISABILITY – Immediately upon the death of [Zembillas] or a determination by the Social Security Administration that Employee has become totally and permanently disabled.

6.2 TERMINATION FOR CONDUCT – Employee is charged and convicted of a criminal activity in a court of law or for Willful and Wanton Gross Negligence in performing his/her duties.

6.3 MUTUAL AGREEMENT – [Zembillas] and Company mutually agree to terminate this agreement.

6.4 EMPLOYEE RESIGNATION. [Zembillas] voluntarily resigns his/her employment with the Company.

Appellant's App. Vol. II p. 78-79 (some emphases omitted). Georgion and Zembillas signed the Agreement on September 1, 2015.

[4] For the next six months, Zembillas worked for Bobb Auto, logging fifty to fifty-five hours of work per week. It is undisputed that during this time, Zembillas performed his duties as advertising designer at or above the level required of him. There is no indication that Zembillas's performance was in any way deficient. Then suddenly, without authorization from Chrysler to do so, Bobb Auto fired Georgion. A few days later, on March 4, 2016, Bobb Auto fired Zembillas without explanation. Despite receiving unemployment benefits, Zembillas never received the severance package outlined in Section 5 of the Agreement.

[5] On August 4, 2016, Zembillas filed a complaint against Bobb Auto for breach of contract. Bobb Auto responded to Zembillas's complaint on October 6, 2016,

without any affirmative defenses. On February 6, 2017, Zembillas filed his first discovery requests for information from Bobb Auto, to which Bobb Auto never responded. After repeated extensions, Zembillas filed a motion to compel discovery on July 20, 2017. Still, Bobb Auto did not respond. Zembillas then filed a second motion to compel and a separate motion for contempt and discovery sanctions on August 15, 2017. Following a September 25, 2017, hearing, the trial court granted all of Zembillas's motions and ordered that Bobb Auto respond to the discovery requests by October 5, 2017. Eventually, Bobb Auto complied with the trial court's order.

[6] Starting October 26, 2017, Zembillas attempted to depose numerous individuals associated with Bobb Auto. The parties agreed to have the depositions take place sometime in January 2018. On December 27, 2017, Bobb Auto informed Zembillas that it could not "confirm that anybody would be available that last week of January that we were hoping for." *Id.* at 124. Therefore, the parties rescheduled the depositions for May 22-23, 2018.

[7] However, on March 12, 2018, Bobb Auto filed a counterclaim against Zembillas and then on May 15, 2018, filed a motion for summary judgment, arguing that Georgion did not have the initial authority to enter into the Agreement with Zembillas and that the Agreement was not supported by consideration and lacked mutuality of obligation. Bobb Auto did not designate any evidence in support of its motion for summary judgment. On May 22, 2018, neither Bobb Auto's counsel nor any representative from Bobb Auto appeared for the scheduled depositions.

[8] On June 14, 2018, Zembillas filed a motion to strike or dismiss Bobb Auto's counterclaim, a motion to bar Bobb Auto's witnesses, a response to Bobb Auto's original motion for summary judgment, and a countermotion for summary judgment along with supporting memoranda and designated evidence. In his countermotion for summary judgment, Zembillas argued that he and Georgion had entered into a valid, enforceable contract supported by consideration and that he had not received his severance package, despite being terminated without just cause.

[9] Bobb Auto never responded to Zembillas's countermotion for summary judgment. Instead, on July 30, 2018, Bobb Auto's counsel withdrew from representation and new counsel appeared. On January 7, 2019, the trial court held a hearing on the pending motions, during which Bobb Auto failed to raise any of the issues contained in its initial motion for summary judgment. Indeed, Bobb Auto even conceded that its arguments in that motion were not valid. *See generally* Tr. Vol. II p. 19.

[10] The next day, January 8, 2019, the trial court issued an order denying Bobb Auto's original motion for summary judgment, granting Zembillas's motion to dismiss Bobb Auto's counterclaim, ruling that Zembillas's motion to bar Bobb Auto's witnesses was moot, and granting Zembillas's countermotion for summary judgment. The trial court ordered that Bobb Auto pay Zembillas $60,303.84—$48,600 for the severance package, $11,003.84 in pre-judgment interest, and $700 in discovery sanctions. On February 6, 2019, Bobb Auto filed

a motion to correct errors and a Trial Rule 62 motion to stay judgment; the trial court ultimately denied both motions. Bobb Auto now appeals.

# Discussion and Decision

[11] Bobb Auto's sole argument on appeal is that the trial court erred when it granted summary judgment in favor of Zembillas.[1] Specifically, Bobb Auto contends that there are genuine issues of material fact regarding whether the Agreement lacked consideration and mutuality of obligation, and thus, an entry of summary judgment was improper.

### *Waiver and Delay*

[12] First, there is the issue of waiver. The record shows that at the January 7, 2019, hearing, Bobb Auto raised none of the issues before the trial court that it raises now on appeal. *See WorldCom Network Servs., Inc. v. Thompson*, 698 N.E.2d 1233, 1242 (Ind. Ct. App. 1998) (holding that a party "should not be permitted to maintain one position before the trial court and a contrary position on appeal"). We find it difficult to accept Bobb Auto's argument on appeal as germane and genuine given that we are the first tribunal to address its substance. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) (finding that "[i]ssues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived"); *see also Poulard v. Lauth*, 793 N.E.2d 1120,

---

[1] Additionally, Bobb Auto raises a separate argument that the trial court erred in denying its motion to correct errors, which we decline to address since the substance of that argument is virtually the same as that comprising our analysis for the summary judgment discussion.

1123 (Ind. Ct. App. 2003) (holding that "[a] summary judgment is a decision on the merits[]" and that "[m]ore specifically, matters not designated as genuine issues of material fact cannot be relied upon on appeal"). Accordingly, Bobb Auto has waived its argument.

[13] Moreover, we are deeply concerned with Bobb Auto's contumacious behavior throughout the litigation. The prolonged discovery process was caused primarily by Bobb Auto's repeated failures to respond to Zembillas's discovery requests and make witnesses available for scheduled depositions. And, in fact, the trial court sanctioned Bobb Auto by levying a fine that it has yet to pay. There was no reasonable explanation for Bobb Auto's dilatory actions, and Bobb Auto's behavior raises serious questions about whether we should even address its argument. Waiver notwithstanding, we choose to analyze Bobb Auto's argument on its merits.

### Standard of Review

[14] Our standard of review for summary judgment decisions is well established:

> When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court. The moving party bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. *In determining whether summary judgment is proper, the reviewing court considers only the evidentiary matter the parties have specifically designated to the trial court.* We construe all factual inference sin the non-moving party's favor and resolve all doubts as to the existing of a material issue against the moving party. The

fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.

*Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012) (internal citations and quotations omitted) (emphasis added). Here, Bobb Auto argues that there are genuine issues of material fact as to whether the Agreement contained adequate consideration or mutuality of obligation.

## *Consideration*

[15] "To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee." *Hamlin v. Steward*, 622 N.E.2d 535, 539 (Ind. Ct. App. 1993). Consideration, in other words, is a bargained-for exchange. *Id.*

[16] The designated evidence demonstrates that the Agreement was the only written expression of the contractual employer/employee relationship between Bobb Auto and Zembillas. And the Agreement included a clause regarding the disputed severance package. That clause reads as follows:

> 5. PAYMENT – *In consideration* of the services rendered to the Company hereunder by [Zembillas] and if the Company no longer wishes to employ [Zembillas] for any reason other than as described in Section 6, the Company shall pay [Zembillas] a lump sum equal to $48,600, less statutory deductions and withholdings, payable in accordance with the Company's regular payroll practices.

Appellant's App. Vol. II p. 79 (emphases added and omitted).

[17]    Thus, the only designated evidence we have of consideration as it pertains to the employment relationship between Bobb Auto and Zembillas is the aforementioned Agreement. Because Bobb Auto failed to designate evidence in opposition to Zembillas's motion for summary judgment and instead raised unrelated claims about the Agreement's enforceability, we can only rely on the Agreement in rendering a decision about whether there was adequate consideration. And the Agreement expressly states that it was made:

> *in consideration* of the foregoing and the mutual covenants and promises contained herein, *and for other good and valuable consideration*, the receipt and sufficiency of which are hereby acknowledged . . . .

*Id.* at 78 (emphases added).

[18]    Accordingly, based on the language contained in the Agreement, there was adequate consideration. Georgion and Zembillas formalized the terms and conditions of Zembillas's employment and expressly stated that there was consideration sufficient to create a binding contract. *See City of New Albany v. Cotner*, 919 N.E.2d 125, 131 (Ind. Ct. App. 2009) (holding that "[w]hen a trial court has entered summary judgment based upon the construction of a written contract, it has determined either that: (1) the contract is not ambiguous or uncertain as a matter of law and the trial court need only apply the terms of the contract or (2) the contract is ambiguous, but the ambiguity may be resolved without the aid of factual determinations"). Further, there is undisputed evidence that Zembillas worked as advertising designer for the next six months

for fifty to fifty-five hours per week and that his work was nothing less than satisfactory. As such, when new management at Bobb Auto fired Zembillas without just cause, Zembillas should have received his severance package pursuant to the terms of the Agreement.

### *Mutality of Obligation*

[19] Our understanding of mutuality of obligation is well established:

> Mutuality of obligation is essential to the validity of an executory bilateral contract which is based solely on mutual promises or covenants and unless both parties are legally bound, so that each may hold the other liable for its breach, the contract lacks mutuality and neither party [is] bound. Thus, mutuality is absent when only one of the contracting parties is bound to perform, and the other party remains entirely free to choose whether or not to perform, and the rights of the parties exist at the option of one only.

*Sec. Bank & Trust Co. v. Bogard*, 494 N.E.2d 965, 968 (Ind. Ct. App. 1986). "When construing a contract, Indiana courts will not find lack of mutality or uncertainty where a reasonable and logical interpretation will render the contract valid and enforceable." *Kokomo Veterans, Inc. v. Schick*, 439 N.E.2d 639, 645 (Ind. Ct. App. 1982)

[20] Once again, the only designated evidence we have of an employer/employee relationship between Bobb Auto and Zembillas is the Agreement. And in the Agreement, Zembillas would only receive a severance package if two events occurred: (1) Zembillas performed his duties for at least forty hours per week at a level of performance required of him; and (2) Bobb Auto terminated

Zembillas without just cause. In other words, Zembillas was obliged to work, and Bobb Auto was obligated to continue employing and paying Zembillas, unless it decided to terminate him without just cause and subsequently pay out a severance package. *See, e.g.*, *Eck & Assocs., Inc. v. Alusuisse Flexible Packaging, Inc.*, 700 N.E.2d 1163, 1168-69 (Ind. Ct. App. 1998). Thus, there is clear mutuality of obligation for both parties, as is evidenced by the terms and conditions of the Agreement. *See Schick*, 439 N.E.2d at 645 (holding that mutuality is present when there are "correlative enforceable obligations imposed on the parties to a contract so that both are bound by the terms of the contract").

[21] Therefore, we find that the trial court did not err when it granted summary judgment in Zembillas's favor. Because we may rely only on the evidence designated for the summary judgment motion, we conclude that there is no genuine issue of material fact as to whether the Agreement contained adequate consideration or mutuality of obligation. Bobb Auto provided no evidence to oppose or contradict the express terms of the contract—namely, that the consideration was good and valuable and that mutuality of obligation was present. Thus, the contract is valid, there was a breach of that contract, and Zembillas is entitled to his severance package as a matter of law.

[22] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.